DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Vinylux Products, Inc. has appealed from the judgment of the Summit County Court of Common Pleas that granted summary judgment to Bennington Financial Services, Inc. and Thomas Wood and from the trial court's judgment that denied its motion for reconsideration. This Court affirms the trial court's judgment granting summary judgment and vacates the trial court's judgment denying the motion for reconsideration.
 I {¶ 2} On February 19, 2004, Plaintiff-Appellant Vinylux Products, Inc. ("Vinylux") filed a complaint against Defendants-Appellees Commercial Financial Group ("CFG"), Bennington Financial Services, Inc. ("BFS"), John Spano ("Spano"), and Thomas Wood ("Wood") for fraud, breach of contract, and unjust enrichment. On March 29, 2004, CFG and Spano filed an answer and counterclaim against Vinylux. Subsequently, BFS and Wood filed an answer, a counterclaim against Vinylux, and a third party complaint against Solar Enterprises, Inc., Wooster Sheet Metal and Roofing Company, and Rondal Nusbaum. All parties filed timely answers to the respective complaints.
 {¶ 3} During a pre-trial, the trial court set the following schedule: dispositive motions were due by November 12, 2004; trial was scheduled for February 23, 2005; and proposed jury instructions were due to the court and opposing party on February 16, 2005.
 {¶ 4} On November 12, 2004, BFS and Wood filed a motion for summary judgment. On December 27, 2004, Vinylux filed a motion to extend the time to respond to BFS and Wood's motion for summary judgment until January 17, 2005. Without receiving approval of the extension, Vinylux filed its brief in opposition to BFS and Wood's summary judgment motion on January 27, 2005. On January 31, 2005, the trial court found that Vinylux had not responded to BFS and Wood's motion for summary judgment. The trial court found that there were no material issues of fact and that BFS and Wood were entitled to summary judgment. Specifically, the trial court found that BFS and Wood had met their burden under Dresher v. Burt (1996),75 Ohio St.3d 280. Accordingly, the trial court granted summary judgment in favor of BFS and Wood and against Vinylux on all claims.
 {¶ 5} On February 3, 2005, Vinylux filed a motion for reconsideration arguing that contrary to the trial court's conclusion, Vinylux had responded to BFS and Wood's motion for summary judgment. BFS and Wood responded in opposition to Vinylux's motion. The trial court found Vinylux's motion for reconsideration not well taken and denied it.[1]
 {¶ 6} Asserting four assignments of error, Vinylux has appealed the trial court's decision granting summary judgment to BFS and Wood and its decision denying Vinylux's motion for reconsideration. For ease of analysis, we have consolidated Vinylux's second and third assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN GRANTING [BFS AND WOOD'S] MOTION FOR SUMMARY JUDGMENT WITHOUT CONSIDERING [VINYLUX'S] BRIEF IN OPPOSITION TO SAID MOTION."
 {¶ 7} In its first assignment of error, Vinylux has argued that the trial court erred in ruling on BFS and Wood's motion for summary judgment without considering its motion in opposition. Specifically, Vinylux has argued that contrary to the trial court's journal entry, its motion in opposition was filed prior to the trial court's decision. Vinylux admits its motion was untimely, but has argued that the matter should have been decided on the merits rather than a procedural rule.[2] We disagree.
 {¶ 8} "Where as here, there [was] no hearing scheduled on a pending summary judgment motion, the time within which a party must file a brief in opposition to the motion is determined by consulting the applicable local court rules." (Quotation omitted.) Bailey v. Lake Erie EducationalComputer Assoc., et al. (Nov. 8, 2000), 9th Dist. Nos. 99CA007323, 99CA007471, at 9. Pursuant to Local Rule 7.14(C)(1), "[a] party opposing a motion for summary judgment made pursuant to [Civ. R. 56] may file a brief in opposition with accompanying evidentiary materials * * * within fourteen (14) days of service of the motion." Civ. R. 56 does not provide a time line for filing a response to a motion for summary judgment. Accordingly, a party opposing a motion for summary judgment, such as Vinylux, has up to fourteen days to respond in opposition to said motion. Any motion filed after that may be deemed untimely and not considered by the trial court.
 {¶ 9} The record supports Vinylux's assertion that the trial court did not rule on its motion for an extension to file its motion in opposition to BFS and Wood's motion for summary judgment. However, we have previously held that "when a trial court fails to rule upon a [pretrial] motion, it will be presumed that it was overruled." Georgeoff v. O'Brien
(1995), 105 Ohio App.3d 373, 378. See, also, State ex rel. The VCos. v. Marshall (1998), 81 Ohio St.3d 467, 469. Therefore, we presume that the trial court overruled Vinylux's motion for an extension and we find that its motion in opposition was due within fourteen days of service of BFS and Wood's motion for summary judgment. See Local Rule 7.14(C)(1). As previously discussed, the motion for summary judgment was filed on November 12, 2004 and Vinylux did not respond to it until January 27, 2005, which was well past the due date and the requested extension, not to mention only twenty days before the trial was to begin.
 {¶ 10} Based on the foregoing and our review of the record, we find that the trial court overruled Vinylux's motion for an extension of time to file a motion in opposition to BFS and Wood's motion for summary judgment. We further find that the trial court did not consider Vinylux's subsequent motion in opposition because it was untimely and that such a position does not constitute error. Although this Court can liberally construe the law in favor of a determination on the merits, this Court does not choose that path to "emasculate procedural rules and time limits." Bailey, at 10. (holding that this Court would not construe Civ. R. 60(B)(1) in a way that would overlook procedural rules and time limits). Accordingly, we find that the trial court did not error in granting BFS and Wood's motion for summary judgment without considering Vinylux's brief in opposition.
 {¶ 11} Vinylux's first assignment of error lacks merit.
 Assignment of Error Number Two
"THE TRIAL COURT ERRED IN GRANTING [BFS AND WOOD'S] MOTION FOR SUMMARY JUDGMENT WITHOUT CONSIDERING [VINYLUX'S] AFFIDAVIT, WHICH WAS TIMELY FILED."
 Assignment of Error Number Three
"THE TRIAL COURT ERRED IN FAILING TO SET A HEARING DATE FOR [VINYLUX'S] MOTION FOR SUMMARY JUDGMENT."
 {¶ 12} In its second assignment of error, Vinylux has argued that the trial court erred in not considering its timely filed affidavit, which was attached to its motion in opposition. Specifically, Vinylux has argued that since the trial court failed to set a hearing date or provide the date that its motion in opposition was due, its affidavit was timely and should have been considered. In its third assignment of error, Vinylux has also argued that the trial court erred in failing to hold a hearing on BFS and Wood's motion for summary judgment. Specifically, Vinylux has argued that since the trial court failed to set a hearing date, its motion in opposition to summary judgment was timely filed and should have been considered. We disagree.
 {¶ 13} Civ. R. 56(C) and the local practice rules do not require that the trial court hold a hearing on a motion for summary judgment. SeeHudak v. Valleyaire Golf Club, Inc., et al. (Nov. 22, 2000), 9th Dist. No. 3010-M; Brown v. Akron Beacon Journal (1991), 81 Ohio App.3d 135,138-39, citing Gates Mills Invest. Co. v. Pepper Pike (1978),59 Ohio App.2d 155, 164. Moreover, Local Rule 7.14(B) provides that "[c]ounsel may request oral argument on any motion. However, the granting of such oral argument will be at the sole discretion of the assigned judge." Specifically, "[u]nless otherwise ordered by the Court, motions for summary judgment shall be heard on briefs and accompanying evidentiary materials * * * without oral argument." Local Rule 7.14(C)(2).
 {¶ 14} Contrary to Vinylux's argument, when state or local rules set a timeline for filings it is not the duty of the trial court to inform parties when motions or responses to motions are due. Vinylux has argued that the trial court should have informed it when its motion in opposition was due; we disagree. It is not the duty of the trial court to identify or explain rules of practice and procedure to counsel. We also find that the trial court did not err in ruling on the motion for summary judgment without holding a hearing. Neither the civil or local rules require a hearing. Moreover, this Court found no evidence in the record that Vinylux requested a hearing on the matter.
 {¶ 15} Based on the foregoing, we cannot conclude that the trial court erred in failing to inform Vinylux when its motion in opposition was due or that the trial court erred in not conducting a hearing on the motion for summary judgment.
 {¶ 16} Vinylux's second and third assignments of error lack merit.
 Assignment of Error Number Four
"THE TRIAL COURT ERRED IN FAILING TO GRANT [VINYLUX'S] MOTION FOR RECONSIDERATION OF ITS JANUARY 31, 2005 ORDER."
 {¶ 17} In its fourth and final assignment of error, Vinylux has argued that the trial court erred in denying its motion for reconsideration. Specifically, Vinylux has argued that since the trial court's journal entry granting BFS and Wood summary judgment was not a final, appealable order at the time Vinylux filed its motion for reconsideration, the trial court should have granted it. We disagree.
 {¶ 18} A trial court's decision on a motion for summary judgment is a final judgment. See Avon Lake Sheet Metal Co., Inc. v. HuntingtonEnvironmental Systems, Inc., 9th Dist. No. 03CA008393, 2004-Ohio-5957, at ¶ 11. "The Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." Pitts v. OhioDept. of Transp. (1981), 67 Ohio St.2d 378, paragraph one of the syllabus. Accordingly, "motions for reconsideration of a final judgment in the trial court are a nullity." Id. at 379. It follows that any judgment entered on a motion for reconsideration is likewise a nullity.Kauder v. Kauder (1974), 38 Ohio St.2d 265, 267. This Court has no jurisdiction to review judgments that are nullities.
 {¶ 19} Vinylux has argued that the trial court should have granted its motion for reconsideration because its journal entry granting summary judgment to BFS and Wood was not a final, appealable order. We find that Vinylux is only partially correct in its assertion. The journal entry granting summary judgment to BFS and Wood was a final judgment, but it was not an appealable judgment because it lacked the requisite Civ. R. 54(B) language. Such a fact, however, does not entitle Vinylux to file a motion for reconsideration. As previously discussed, a motion for reconsideration of a trial court's final judgment is a nullity. SeePitts, supra. Accordingly, Vinylux's motion for reconsideration is a nullity. Moreover, the trial court's denial of said motion is also a nullity, and therefore, this Court has no jurisdiction to hear Vinylux's fourth assignment of error.
 III {¶ 20} Vinylux's first three assignments of error are overruled. The order challenged in Vinylux's fourth assignment of error, which denied its motion for reconsideration, is a nullity and without legal effect. The judgment of the trial court granting summary judgment to BFS and Wood is affirmed and the order denying Vinylux's motion for reconsideration is vacated.
Judgment affirmed in part, and vacated in part.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., concurs
Slaby, P.J., Concurs in Judgment Only.
[1] After the trial court denied Vinylux's motion for reconsideration, BFS and Wood voluntarily dismissed their counterclaim and third-party complaint. On February 17, 2005, Vinylux and CFG submitted a stipulated notice of dismissal to the trial court in which Vinylux dismissed its claims against CFG and Spano and CFG and Spano dismissed their counterclaims against Vinylux.
[2] Vinylux has not argued that BFS and Wood's motion for summary judgment failed to meet its Dresher burden; accordingly, this Court will not address that issue.