DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant/cross-appellee, Fein Designs Co., LTD., LLC ("Fein Designs"), appeals the judgment of the Summit County Court of Common Pleas, which directed a verdict against Fein Designs in regard to the purported complaint of appellees/cross-appellants, Nelson Jewellery Arts Co., LTD. ("Nelson Hong Kong") and Nelson Jewellery, Inc. ("Nelson USA"). Appellees/cross-appellants appeal the judgment of the Summit County Court of Common Pleas, which confirmed a jury verdict in favor of Fein Designs on its purported counterclaims against appellees/cross-appellants. This Court dismisses Nelson Hong Kong's cross-appeal in regard to its first assignment of error as untimely. This Court further dismisses the remaining issues on appeal and cross-appeal for lack of a final, appealable order.
 I. {¶ 2} This case presents as a procedural nightmare.
 {¶ 3} On February 14, 2003, Nelson Hong Kong filed a complaint against Fein Designs, alleging four counts, to wit: money due, breach of contract, account, and unjust enrichment. On March 27, 2003, Fein Designs filed an answer and counterclaims against Nelson Hong Kong, alleging five counts, to wit: fraud, breach of contract, misappropriation of confidential/proprietary information, tortious interference, and unfair competition/unfair trade practices. Fein Designs alleged as a defense that Nelson Hong Kong lacked the capacity to maintain the action. On September 15, 2003, Fein Designs filed a trial brief in which it argued that Nelson Hong Kong lacked the capacity to maintain its action and was, therefore, barred from recovering any judgment pursuant to R.C. 1703.29, because Nelson Hong Kong was not licensed to do business in Ohio.
 {¶ 4} The matter proceeded to trial on September 15, 2003. At the conclusion of Nelson Hong Kong's case-in-chief, the trial court took the issue of Nelson Hong Kong's lack of capacity under advisement. The trial court informed the parties that it would further review the applicable case law and notify counsel the next day regarding whether the matter would proceed. On September 17, 2003, the trial court issued a judgment order in which it found that Nelson Hong Kong had an agent resident in Ohio, had conducted business in Ohio, and should, therefore, have been registered to do business in the state of Ohio. Accordingly, the trial court granted Fein Design's motion to dismiss Nelson Hong Kong's complaint on the basis of Nelson Hong Kong's lack of capacity. The trial court further found that Fein Design's counterclaims were "so intertwined in the purported contract between the Plaintiff and the Defendant that the counts of the Counterclaim cannot stand alone[.]" Accordingly, the trial court dismissed Fein Design's counterclaims in full. The trial court dismissed both the complaint and the counterclaims pursuant to Civ.R. 41(B) "otherwise than on the merits" and "subject to refiling."
 {¶ 5} This Court notes that the trial court's dismissal was necessarily a granting of a directed verdict under Civ.R. 50, rather than a dismissal under Civ.R. 41(B)(2), because Civ.R. 41(B)(2) applies only to dismissals in non-jury actions. AccordRyan v. Bd. of Twp. Trustees of Plain Twp. (Dec. 11, 1990), 10th Dist. No. 89AP-1441 (finding that the trial court's action was necessarily a dismissal under Civ.R. 41(B)(2) and not the granting of a directed verdict under Civ.R. 50 because Civ.R. 50 applies only to jury trials and the matter was heard before the court without a jury). In this case, a jury had been empanelled, so that dismissal pursuant to Civ.R. 41(B) was not appropriate. In a subsequent motion for relief from judgment pursuant to Civ.R. 60(B), Fein Designs recognizes the trial court's action as the granting of a directed verdict. As a directed verdict operates as a judgment upon the merits, and all pending claims were disposed by the trial court's September 17, 2003 order, that order dismissing the complaint and counterclaims was a final, appealable order.
 {¶ 6} On September 18, 2003, after the trial court's dismissal of the entire action, Fein Designs filed a supplemental trial brief in which it argued that its counterclaims should be permitted to proceed to trial. On September 19, 2003, the trial court issued another judgment order in which it found that "it may have made an error in not allowing some of the counterclaims to stand alone and proceed[.]" The trial court then ordered the parties to appear on September 30, 2003, "as the Court will reconsider that Order as to the counterclaims of the Defendant."[1]
 {¶ 7} On September 25, 2003, Fein Designs filed a motion for relief from judgment pursuant to Civ.R. 60(B) in regard to the trial court's September 17, 2003 order, seeking reinstatement of its counterclaims. On September 29, 2003, Nelson Hong Kong filed a memorandum in opposition to Fein Design's Civ.R. 60(B) motion, as well as a motion to strike Fein Design's September 19, 2003 supplemental trial brief as an improper post-judgment motion.
 {¶ 8} On October 3, 2003, the trial court issued a judgment order upon Fein Design's post-judgment supplemental trial brief. The trial court, upon reconsideration of its September 17, 2003 judgment order, reinstated Fein Design's "counterclaim"[2]
and ordered that Nelson Hong Kong could refile its complaint if it became licensed to do business in Ohio prior to the rescheduled trial date of March 1, 2004.
 {¶ 9} The trial court did not reference Fein Design's Civ.R. 60(B) motion for relief from judgment in its order reinstating Fein Design's counterclaims. Rather, it reinstated the counterclaims "in consideration of" its prior error, brought to the attention of the court through Fein Design's supplemental trial brief, which was filed after the final judgment was rendered. Fein Design's supplemental trial brief was effectively a motion for reconsideration. "The Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." Pitts v. Ohio Dept. of Transp.
(1981), 67 Ohio St.2d 378, paragraph one of the syllabus. Accordingly, "motions for reconsideration of a final judgment in the trial court are a nullity." Id. at 379. Therefore, any judgment entered upon a motion for reconsideration after final judgment is likewise a nullity. Kauder v. Kauder (1974),38 Ohio St.2d 265, 267. This Court recognizes that it has no jurisdiction to review judgments which are nullities. VinyluxProds., Inc. v. Commercial Financial Group, 9th Dist. No. 22553,2005-Ohio-4801, at ¶ 18. Accordingly, under a strict construction of the trial court's October 3, 2003 order reinstating Fein Design's counterclaims without reference to the motion for relief from judgment, this Court could find that such order was a nullity as having been issued as a result of a request for reconsideration after a final judgment. In that case, this Court could dismiss the appeal and cross-appeal as having been untimely filed, as the final, appealable order in this case was issued on September 17, 2003, while the notice of appeal was not filed until June 10, 2005. Under the unique circumstances of this case, however, this Court declines to find the October 3, 2003 order a nullity.
 {¶ 10} Although the trial court's order reinstating Fein Design's counterclaims did not reference the motion for relief from judgment, Fein Design's Civ.R. 60(B) motion was pending prior to the trial court's October 3, 2003 order. Furthermore, both Fein Design's supplemental trial brief and motion for relief from judgment requested the same relief, i.e., the reinstatement of the counterclaims. Accordingly, the trial court's October 3, 2003 order effectively served as an order granting Fein Design's motion for relief from judgment of the September 17, 2003 order dismissing the entire action. Because a Civ.R. 60(B) motion for relief from judgment is a proper post-judgment motion, the trial court's order granting the relief requested in such a motion constitutes a valid post-judgment ruling.[3] Accordingly, Fein Design's claims against Nelson Hong Kong were validly reinstated.
 {¶ 11} On October 24, 2003, Nelson USA filed a motion to intervene, asserting that it was licensed to do business in Ohio and that Nelson Hong Kong had assigned its interests in its earlier asserted claims against Fein Designs to it. The trial court granted the motion to intervene. On October 28, 2003, Nelson Hong Kong and Nelson USA jointly filed an amended complaint, alleging four counts, to wit: money due, breach of contract, account and unjust enrichment, all premised upon Nelson Hong Kong's assignment of rights to Nelson USA. Fein Designs filed an answer, asserting in part that Nelson Hong Kong's claims were dismissed, leaving Fein Design's reinstated counterclaims, in effect, as the pending complaint. Accordingly, Fein Design asserted that Nelson USA could only assert its claims as counterclaims.
 {¶ 12} The parties engaged in extensive discovery efforts, and the trial court conducted a trial on the matter beginning on May 5, 2005. At the conclusion of Nelson USA's case-in-chief, the trial court directed a verdict on Nelson USA's claims against Fein Designs in the amount of $52,671.27, plus interest. At the conclusion of trial, the jury rendered a verdict in favor of Fein Designs on its "counterclaim"[4] against Nelson USA.
 {¶ 13} On May 12, 2005, the trial court issued a judgment of the jury verdict, wherein it confirmed the jury's verdict in favor of Fein Designs on its remaining counterclaim "as against the Plaintiff, Nelson Jewellery (USA), INC." and reiterated its directed verdict in favor of Nelson USA on its claims. On May 16, 2005, Nelson Hong Kong and Nelson USA filed a joint motion for a judgment notwithstanding the verdict regarding the damages awarded to Fein Designs on its counterclaim for breach of contract. On June 6, 2005, the trial court issued a judgment order wherein it found the joint motion for judgment notwithstanding the verdict to be untimely filed, and it declined to hear the motion.
 {¶ 14} On May 16, 2005, Nelson Hong Kong and Nelson USA also filed a joint motion for an order nunc pro tunc clarifying the jury verdict and judgment, for the reason that judgment was entered in favor of Fein Designs on its counterclaim for breach of contract against Nelson USA instead of against Nelson Hong Kong. The trial court failed to issue a ruling on this motion; and this Court, therefore, presumes that the trial court denied the motion. Bank One, N.A. v. Lytle, 9th Dist. No. 04CA008463,2004-Ohio-6547, at ¶ 18.
 {¶ 15} Fein Designs appeals, setting forth four assignments of error for review. Nelson Hong Kong and Nelson USA cross-appeal, setting forth three assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ENTERING A DIRECTED VERDICT AGAINST FEIN DESIGNS ON ITS COUNTERCLAIM FOR INTENTIONAL INTERFERENCE WITH CONTRACT[.]"
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ENTERING A DIRECTED VERDICT AGAINST FEIN DESIGNS ON ITS COUNTERCLAIM FOR MISAPPROPRIATION OF PROPRIETARY INFORMATION[.]"
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN PERMITTING NELSON JEWELLERY TO CURE ITS FAILURE TO OBTAIN THE REQUISITE LICENSE TO DO BUSINESS IN OHIO DURING THE PENDENCY OF THIS ACTION[.]"
 ASSIGNMENT OF ERROR IV
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN AWARDING PREJUDGMENT INTEREST ON THE FULL AMOUNT OF THE CONTRACTUAL AWARD AGAINST FEIN DESIGNS WHILE AWARDING NO PREJUDGMENT INTEREST ON THE AMOUNT OF THE JURY AWARD FOR FEIN DESIGNS' OWN CONTRACTUAL DAMAGES[.]"
 CROSS-ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED BY DISMISSING THE COMPLAINT OF CROSS-APPELLANT NELSON JEWELLERY ARTS CO., LTD. ON THE BASIS OF LACK OF CAPACITY."
 CROSS-ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED BY ENTERING JUDGMENT ON THE JURY'S VERDICT AWARDING CROSS-APPELLEE FEIN DESIGNS CO., LTD., LLC. DAMAGES ON ITS COUNTERCLAIM FOR BREACH OF CONTRACT."
 CROSS-ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED BY DENYING CROSS-APPELLANTS NELSON JEWELLERY ARTS CO., LTD. AND NELSON JEWELLERY (U.S.A.) INC.'S MOTION FOR AN ORDER NUNC PRO TUNC."
 {¶ 16} In all of its assignments of error, Fein Designs assigns error regarding the trial court's rulings as they related to matters after the conclusion of the second trial. In two of their cross-assignments of error, the Nelson entities assign error regarding the trial court's rulings as they related to matters after the conclusion of the second trial. In their first cross-assignment of error, the Nelson entities argue that the trial court erred by dismissing Nelson Hong Kong's complaint by order dated September 17, 2003, on the basis of lack of capacity.
 {¶ 17} This Court first addresses Nelson Hong Kong's first cross-assignment of error, in which it argues that the trial court erred in dismissing its complaint after jury trial on the basis of its lack of capacity to maintain its action.
 {¶ 18} This Court has already found that the trial court's September 17, 2003 order in which it dismissed Nelson Hong Kong's complaint was a final, appealable order. Nelson Hong Kong did not file a motion for relief from judgment from that order. Because Nelson Hong Kong did not file its notice of cross-appeal until June 20, 2005, its cross-appeal regarding its first assignment of error is untimely. Accordingly, this Court dismisses Nelson Hong Kong's cross-appeal in regard to the first assignment of error as untimely.
 {¶ 19} Before reaching the merits of the remaining issues on appeal and cross-appeal, this Court must determine whether it has jurisdiction to review the order from which the parties appeal. Section 3(B)(2), Article IV of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 88.
 {¶ 20} R.C. 2505.02(B)(1) states:
"An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"
 {¶ 21} This Court has recognized that "an order may not be `final,' within the meaning of Section 2505.02, if it fails to dispose of all claims presented in an action." Gosden Constr.Co., Inc. v. Gerstenslager (Sept. 13, 1996), 9th Dist. No. 17687.
 {¶ 22} Civ.R. 54(B) states, in pertinent part:
"When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties * * *."
 {¶ 23} In this case, the trial court directed a verdict in favor of Nelson USA on its complaint. Fein Designs had five counterclaims pending against Nelson Hong Kong and no claims against Nelson USA. The trial court directed a verdict against Fein Designs on all of its counterclaims except the breach of contract claim arising out of Nelson Hong Kong's alleged failure to continue to ship jewelry orders to Fein Designs. The trial court instructed the jury on the breach of contract claim, however, in regard to Nelson USA. The jury found in favor of Fein Designs on its breach of contract counterclaim against Nelson USA, despite the fact that there was no such claim pending against Nelson USA. The trial court confirmed that jury verdict in its May 2, 2005 judgment order. There is nothing in the record to indicate that Nelson USA was substituted for Nelson Hong Kong in regard to Fein Designs' counterclaims. Because Fein Designs' counterclaims were alleged solely against Nelson Hong Kong, the liabilities, if any, of Nelson Hong Kong have not been adjudicated. Furthermore, the trial court failed to use the language mandated by Civ.R. 54(B) in its May 2, 2005 judgment order. Accordingly, the orders from which the parties attempt to appeal are not final, appealable orders. See Gosden Constr. Co.,Inc., supra.
 III. {¶ 24} Nelson Hong Kong's cross-appeal in regard to its first assignment of error is dismissed as having been untimely filed. The remaining issues on appeal and cross-appeal are dismissed for lack of a final, appealable order.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to all parties equally.
Slaby, P.J. Moore Concur.
[1] Fein Designs moved on October 15, 2003 for the trial court to amend its September 19, 2003 order nunc pro tunc to reflect that the order was made under Civ.R. 60(B). The trial court granted the motion and amended its September 19, 2003 order, which merely asserted that it may have erred in dismissing the counterclaims and ordering the parties' appearance for the trial court's reconsideration, nunc pro tunc to indicate that that order was made pursuant to Civ.R. 60(B).
[2] The trial court failed to enunciate which of Fein Design's counterclaims it was reinstating, but this Court infers from subsequent actions by the trial court and parties that all five counterclaims were reinstated.
[3] This Court does not here address the merits of Fein Design's motion for relief from judgment, and whether the motion alleged the necessary operative facts, because appellees do not raise those issues on cross-appeal.
[4] The trial court directed a verdict in favor of "the plaintiff" in regard to all of Fein Design's counterclaims except the breach of contract claim.