[Cite as *GMAC Mtge., L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 2011-Ohio-1780.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| GMAC MORTGAGE, L.L.C., | C.A. No.    24984 |
| Appellee, | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JACOBS et al., | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants. | CASE No.    CV 2008-12-8493 |

DECISION AND JOURNAL ENTRY

Dated: April 13, 2011

David B. Bokor and Pamela S. Petas, for appellee.

Margaret A. McDevitt and Julius P. Amourgis, for appellants.

BELFANCE, Presiding Judge.

{¶ 1} Appellant, Larry D. Jacobs, appeals the decision of the Summit County Court of Common Pleas. For the reasons that follow, this court affirms in part and reverses in part.

I

{¶ 2} On December 8, 2008, appellee, GMAC Mortgage, L.L.C. ("GMAC"), filed a complaint against Jacobs for judgment on a note and foreclosure on a mortgage concerning his residence. After Jacobs answered the complaint, the matter was referred to mediation, and the litigation was stayed. The parties were not able to resolve the case through mediation.

{¶ 3} On July 28, 2009, GMAC filed a motion for summary judgment with supporting evidentiary materials. On August 11, 2009, Jacobs moved for an extension of time in which to

respond to the motion for summary judgment. The trial court did not rule on the request for an extension and, instead, granted GMAC's motion for summary judgment, issuing a judgment and decree in foreclosure on August 19, 2009.

{¶ 4} Jacobs filed a motion for relief from judgment pursuant to Civ.R. 60(B). The trial court denied Jacobs's motion. Jacobs has not appealed the denial of his motion for relief.

{¶ 5} Jacobs filed the instant appeal from the trial court's ruling on GMAC's motion for summary judgment. We have rearranged Jacobs's assignments of error to facilitate our review.

II

Assignment of Error II

> The trial court erred by denying [Jacobs's] motion for an extension of time to respond to [GMAC's] motion for summary judgment when his motion articulated the reasons for the extension, the trial court had previously stayed all motions and discovery, and his motion for an extension was timely.

{¶ 6} In his second assignment of error, Jacobs argues that the trial court should have granted his request for additional time in which to respond to GMAC's motion for summary judgment.

{¶ 7} " ' "Trial judges are entitled to exercise considerable discretion in the management of their dockets." ' " *Eschen v. Suico*, 9th Dist. No. 07CA009304, 2008-Ohio-4294, at ¶ 11, quoting *MBNA Bank Am., N.A. v. Bailey*, 9th Dist. No. 22912, 2006-Ohio-1550, ¶ 10, quoting *In re Disqualification of Sutula*, 105 Ohio St.3d 1237, 2004-Ohio-735, ¶ 4. Decisions concerning the management of the docket are reviewed for an abuse of discretion. *Pavarini v. Macedonia* (Apr. 18, 2001), 9th Dist. No. 20250, at *3. A trial court's denial of a motion of an extension of time to respond is reviewed for an abuse of discretion. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶ 8}   Here, GMAC filed its motion for summary judgment on July 28, 2009, and Jacobs timely filed his motion for an extension of time in which to respond on August 11, 2009. Jacobs's response to summary judgment was due on August 14, 2009.  The trial court did not rule on Jacobs's request before the response period lapsed.  Instead, it issued a judgment entry granting summary judgment on August 19, 2009.  After the trial court entered its judgment, Jacobs filed a motion for relief pursuant to Civ.R. 60(B).  In that motion, Jacobs stated that he had timely filed a motion for extension of time and that he had a meritorious defense to GMAC's action.  The trial court denied Jacobs's Civ.R. 60(B) motion.

{¶ 9}   We note that we do not condone the trial court's failure to expressly rule on Jacobs's timely motion for an extension.  We recognize that the trial court's failure to rule put Jacobs into a predicament because he could not know whether his extension would be granted or if he would be required to submit his response to GMAC's summary-judgment motion within the standard time frame.  However, we have generally held that a trial court's failure to rule gives rise to a presumption that the trial court has denied the motion.  See, e.g., *Vinylux Prods., Inc. v. Commercial Fin. Group*, 9th Dist. No. 22553, 2005-Ohio-4801, at ¶ 9.  We have previously held that a trial court may not foreclose a party's right to respond to a motion for summary judgment by ruling upon the summary-judgment motion prior to the expiration of the period of time allowed for response.  *Bank of New York v. Brunson*, 9th Dist. No. 52118, 2010-Ohio-3978, at ¶ 10.  However, in this matter, the trial court granted the motion for summary judgment after the time for opposing it had passed.

{¶ 10} Nonetheless, even assuming that the trial court's implicit denial of Jacobs's motion was arbitrary, unreasonable, or unconscionable, Jacobs has not appealed the trial court's denial of his Civ.R. 60(B) relief in which the trial court determined that he did not have a

meritorious defense. In light of that unchallenged determination, any error by the court in implicitly denying the motion for extension of time is rendered harmless.

{¶ 11} Accordingly, Jacobs's second assignment of error is overruled.

Assignment of Error I

> The trial court erred when it granted summary judgment to [GMAC] because there were genuine issues of material fact and [GMAC] was not entitled to judgment as a matter of law in this foreclosure action.

{¶ 12} In his first assignment of error, Jacobs contends that summary judgment was improper because material questions of fact existed with respect to GMAC's right to judgment. Specifically, Jacobs alleges that GMAC failed to provide him with proper notice of default before proceeding with its foreclosure action and that GMAC failed to comply with certain procedural requirements before obtaining judgment.

{¶ 13} This court reviews a trial court's ruling on a motion for summary judgment de novo and applies the same standard as the trial court. *Chuparkoff v. Farmers Ins. of Columbus, Inc.*, 9th Dist. No. 22712, 2006-Ohio-3281, at ¶ 12. Pursuant to Civ.R. 56(C), summary judgment is appropriate when "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 448.

{¶ 14} The moving party has the burden of demonstrating that no genuine issues of material fact exist. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292. The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact does

exist. Id. at 293. Pursuant to Civ.R. 56(E), the nonmoving party may not simply rest on the allegations of its pleadings; it must provide the court with evidentiary material, such as affidavits, written admissions, and/or answers to interrogatories, to demonstrate a genuine dispute of fact to be tried. See also *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735.

**Notice of default**

{¶ 15} Paragraph 22 of Jacobs's mortgage agreement provides that GMAC must give him notice of default prior to acceleration of the note. The required notice would serve to inform Jacobs, inter alia, of the default, the method to cure the default, and the consequences of failure to cure. In his amended answer to GMAC's complaint, Jacobs asserted as an affirmative defense that GMAC failed to give him this required notice.

{¶ 16} In support of its motion for summary judgment, GMAC submitted an affidavit of an employee with knowledge of Jacobs's mortgage records. The affiant averred that "written notice of default was given in accordance with the terms of the note and mortgage." Jacobs did not respond to the motion for summary judgment. On appeal, Jacobs argues that the affidavit was not proper Civ.R. 56 evidence because the affidavit did not refer to or incorporate the actual notice claimed to have been sent. He additionally argues that the loan-payment history GMAC attached to the motion for summary judgment was inadmissible because it was not properly incorporated in an affidavit.

{¶ 17} Civ.R. 56(C) lists the various evidentiary materials a trial court may consider when reviewing a motion for summary judgment. An affidavit is one of the materials listed under the rule. If evidentiary material is submitted that is not of the type listed in Civ.R. 56, the material is admissible if it is referred to in a properly framed affidavit. *Berner v. Woods*, 9th Dist. No. 07CA009132, 2007-Ohio-6207, at ¶ 10, citing Civ.R. 56(E). Further, Civ.R. 56(E)

provides that papers referred to in an affidavit "shall be attached to or served with the affidavit." However, we have consistently held that "if there is no objection to the improper evidence it is within the trial court's discretion to consider or to ignore it." *Berner* at ¶10, citing *Richardson v. Auto-Owners Mut. Ins. Co.*, 9th Dist. No. 21697, 2004-Ohio-1878, at ¶29.

{¶ 18} Accordingly, as Jacobs failed to raise the alleged deficiencies with the evidence in support of GMAC's motion for summary judgment, the trial court, in its discretion, was permitted to consider the affidavit and payment history. The affiant stated that proper notice of default was sent to Jacobs. In order to demonstrate a dispute of fact as to that contention, Jacobs had the burden to provide the trial court with evidence of a factual dispute as to this issue. See Civ.R. 56(E). For example, Jacobs could have responded by providing evidence that he did not receive the purported notice. However, at the time the trial court considered GMAC's motion, he had failed to respond to the motion for summary judgment and thus the trial court did not commit reversible error in granting GMAC's motion for summary judgment.

**Compliance with procedural requirements**

{¶ 19} In foreclosure actions, R.C. 2329.191 and Loc.R. 11.03 of the Summit County Common Pleas Court prescribe the filing of preliminary and final judicial reports. A preliminary report must be filed at the beginning of the action, and the final report is to be filed prior to the trial court's entry of judgment. R.C. 2329.191(B)(7); Loc.R. 11.03. Here, GMAC filed a preliminary report with its complaint; however, it did not file a final report. Jacobs argues that this omission precluded summary judgment. Although this omission may not have precluded summary judgment, we agree that the trial court erred in entering its final decree of foreclosure prior to the filing of a final judicial report.

{¶ 20} Loc.R. 11.03 requires a final judicial report to be filed before a decree of foreclosure is filed. A court's local rules are of the court's own making and are not substantive principles of law. *Michaels v. Michaels*, 9th Dist. No. 07CA0058-M, 2008-Ohio-2251, at ¶ 13. If the local rule is administrative and designed to facilitate case management, the court is not bound to comply with the rule. *Wallner v. Thorne*, 9th Dist. No. 09CA0053-M, 2010-Ohio-2146, at ¶ 21. If, on the other hand, the local rule implicates due process, and the trial court's failure to follow it deprives a party of a reasonable opportunity to defend against the disposition of the case in favor of the other party, the trial court is bound to comply with the local rule. Id.

{¶ 21} Assuming without deciding that the trial court may have permissibly ignored its own local rule requiring the filing of a final judicial report, it did not have discretion to ignore a statute containing that requirement.

{¶ 22} R.C. 2329.191 requires the filing of preliminary and final judicial reports in foreclosure actions. The statute provides that "[p]rior to submitting any order or judgment entry to a court that would order the sale of the residential real estate, the party submitting the order or judgment entry shall file with the clerk of the court of common pleas a final judicial report * * *." R.C. 2329.191(B). The preliminary report must contain the property's legal description, address, parcel number, owner's name, a reference to the volume and page where the deed was recorded, and the names and addresses of lienholders. R.C. 2329.191(B)(1) through (7). The purpose of the final report is to "update[] the state of the record title" to the property at issue. R.C. 2329.191(B). The legislature's decision to include this mandatory language in the statute evidences the legislature's understanding of the importance of establishing a definitive record of title in a foreclosure action prior to the ultimate sale or disposition of the property.

{¶ 23} The notations in the docket indicate that GMAC's counsel submitted the proposed decree of foreclosure that the trial court eventually signed. It is undisputed that a final judicial report was not filed prior to submitting the judgment that would order the sale of the residential real estate. In light of the mandatory language contained in R.C. 2329.191, we conclude that where a party submitting the order or judgment entry of foreclosure fails to file a final judicial report, the trial court commits reversible error in entering a decree of foreclosure. Jacobs has correctly identified a legal error. Accordingly, we sustain Jacobs's first assignment of error in part.

## III

{¶ 24} This court concludes that the trial court did not err in awarding summary judgment to GMAC; however, the trial court erred in entering GMAC's proposed decree of foreclosure prior to GMAC's filing of a final judicial report. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded for proceedings consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

CARR and WHITMORE, JJ., concur.