[Cite as *CitiMortgage, Inc. v. Elia*, 2011-Ohio-2499.]

STATE OF OHIO        )
                         )ss:
COUNTY OF SUMMIT    )

|  |  |
|---|---|
| STATE OF OHIO )<br>)ss:<br>COUNTY OF SUMMIT ) | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| CITIMORTGAGE, INC.<br><br>    Appellee<br><br>    v.<br><br>ZIAD F. ELIA, et al.<br><br>    Appellants | C.A. No.     25482<br><br><br>APPEAL FROM JUDGMENT<br>ENTERED IN THE<br>COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO<br>CASE No.    CV 2009 03 1698 |

DECISION AND JOURNAL ENTRY

Dated: May 25, 2011

WHITMORE, Judge.

{¶1} Defendant-Appellants, Ziad F. Elia and Holley E. Elia ("the Elias"), appeal from the judgment of the Summit County Court of Common Pleas, granting summary judgment in favor of Plaintiff-Appellee, CitiMortgage, Inc. ("CitiMortgage"). This Court reverses.

I

{¶2} On September 30, 2003, the Elias executed a mortgage and a note in the amount of $61,600 in favor of Lehman Brothers Bank, FSB ("Lehman Brothers") for real property located on North Howard Street in Akron, Ohio. Subsequently, Mortgage Electronic Registration Systems, Inc. ("MERS"), as a nominee for Lehman Brothers, assigned the Elias' mortgage to CitiMortgage. The Elias ultimately defaulted on their payments and, on March 2, 2009, CitiMortgage filed a complaint for foreclosure.

{¶3} Both parties filed motions for summary judgment, and the Elias filed a memorandum in opposition to CitiMortgage's motion. CitiMortgage did not file either a

response to the Elias' motion or a reply to their memorandum in opposition. The trial court ultimately granted CitiMortgage's motion for summary judgment on June 9, 2010. The court ordered foreclosure and awarded CitiMortgage $58,998.66, plus interest at a rate of 8.75% per annum from September 1, 2008.

{¶4} The Elias now appeal from the court's judgment and raise two assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II

Assignment of Error Number One

"THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO CITIMORTGAGE, INC. AS THERE WAS A GENUINE ISSUE OF MATERIAL FACT WHETHER CITIMORTGAGE, INC. COMPLIED WITH A CONDITION PRECEDENT TO FORECLOSURE, DELIVERY OF THE NOTICE OF DEFAULT PRIOR TO ACCELERATION AS REQUIRED BY PARAGRAPH 22 OF THE MORTGAGE."

Assignment of Error Number Two

"THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO CITIMORTGAGE, INC. AS THERE WERE GENUINE ISSUES OF MATERIAL FACT AND CITIMORTGAGE, INC. WAS NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW."

{¶5} In their assignments of error, the Elias argue that the trial court erred by granting CitiMortgage's motion for summary judgment because genuine issues of material fact remain. Specifically, they argue that the affidavit upon which CitiMortgage relied was not based on personal knowledge and that CitiMortgage failed to prove that it complied with the notice of acceleration provision set forth in paragraph 22 of their mortgage note before seeking foreclosure.

{¶6} Pursuant to Civ.R. 56(C), summary judgment is proper if:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from

the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735.

{¶7} "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). "'Personal knowledge' has been defined as 'knowledge of factual truth which does not depend on outside information or hearsay.'" *Countrywide Home Loans, Inc. v. Rodriguez*, 9th Dist. Nos. 03CA008345 & 03CA008417, 2004-Ohio-4723, at ¶10, quoting *Wall v. Firelands Radiology, Inc.* (1995), 106 Ohio App.3d 313, 335. "[The] mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Bank One, N.A. v. Lytle*, 9th Dist. No. 04CA008463, 2004-Ohio-6547, at ¶13.

{¶8} In support of its motion for summary judgment, CitiMortgage relied on the affidavit of Aaron Menne, who identified himself as its vice president. Menne averred that he had custody of and familiarity with the "records of the payments on the account of Ziad F. Elia." Menne further averred that the September 1, 2008 payment was the last one received on the account and, due to a default thereafter, "[CitiMortgage] *** elected to call the entire balance of said account due and payable, in accordance with the terms of the note and mortgage." The affidavit then noted the amount due and owing on the loan and the applicable interest rate. CitiMortgage did not attach any documents to Menne's affidavit or incorporate any documents by reference through his affidavit. The affidavit was the only item appended to CitiMortgage's motion. The copies of the note and mortgage upon which CitiMortgage brought suit were filed with the complaint.

{¶9} Civ.R. 56(C) limits the types of evidentiary materials that a party may present when seeking or defending against summary judgment. Civ.R. 56(C) (limiting summary judgment evidence to "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact"). "The proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." *Skidmore & Assoc. Co., L.P.A. v. Southerland* (1993), 89 Ohio App.3d 177, 179. "[P]apers referred to in an affidavit 'shall be attached to or served with the affidavit.'" *GMAC Mtge., L.L.C. v. Jacobs*, 9th Dist. No. 24984, 2011-Ohio-1780, at ¶17, quoting Civ.R. 56(E). Even so, it is the opposing party's duty to object when a summary judgment motion relies upon improperly introduced materials. Id. "[I]f the opposing party fails to object to improperly introduced evidentiary materials, the trial court may, in its sound discretion, consider those materials in ruling on the summary judgment

motion." *Wolford v. Sanchez*, 9th Dist. No. 05CA008674, 2005-Ohio-6992, at ¶20, quoting *Christe v. GMS Mgt. Co., Inc.* (1997), 124 Ohio App.3d 84, 90.

{¶10} The Elias did not object to CitiMortgage's summary judgment motion on the basis that it referred to improper Civ.R. 56(C) materials, which were not incorporated by reference in Menne's affidavit. Further, they did not object to Menne's affidavit on the basis that it lacked any attachments. See Civ.R. 56(E). The Elias only challenged the affidavit on the grounds that: (1) Menne lacked personal knowledge to attest to the statements contained therein; and (2) it did not show that CitiMortgage complied with paragraph 22 of the mortgage before pursuing the remedy of foreclosure. Compare *U.S. Bank, N.A. v. Richards*, 9th Dist. No. 25052, 2010-Ohio-3981, at ¶19. Thus, we limit our review to those issues. See *Wolford* at ¶20 (holding that trial court may disregard defects in Civ.R. 56 materials if the opposing party fails to object to the defects).

**Personal Knowledge**

{¶11} The Elias argue that CitiMortgage's affiant, Menne, could not have personal knowledge of the truth of the statements set forth in his affidavit because: (1) CitiMortgage was not even assigned the mortgage until after the alleged default occurred; and (2) Menne's affiliation with CitiMortgage was in question, as he claimed to be a vice president of both CitiMortgage and MERS "at virtually the same time." The Elias' assertion that CitiMortgage's affiant could not have personal knowledge of their default because the alleged default occurred before CitiMortgage was assigned the note and mortgage is inapposite. The authority that the Elias themselves cite in support of that argument provides that "[a] witness providing the foundation [for a recorded business activity] need not have firsthand knowledge of the

transaction." *Moore v. Vandemark Co., Inc.*, 12th Dist. No. CA2003-07-063, 2004-Ohio-4313, at ¶18.

{¶12} Menne did not use the phrase "personal knowledge" in his affidavit, but he did: identify his position with CitiMortgage; indicate that he "is in charge of, has custody of and is familiar with" the records pertaining to Ziad Elia's account; state that the Elias failed to make any payments after September 1, 2008; set forth the outstanding balance on the loan; and specify that CitiMortgage had physical possession of the original note and mortgage. Menne's affidavit could have been far more detailed in nature, see, e.g., *Bank of Am., Natl. Assn. v. Ly*, 9th Dist. No. 25360, 2011-Ohio-437, at ¶12-14, but this Court has inferred the personal knowledge of an affiant based on similar language. See *Bank One, N.A. v. Swartz*, 9th Dist. No. 03CA008308, 2004-Ohio-1986, at ¶16. Compare *Target Natl. Bank v. Enos*, 9th Dist. No. 25268, 2010-Ohio-6307, at ¶11 (concluding that personal knowledge could not be inferred where affiant failed to identify his position with the creditor and appeared to have discerned any knowledge of the debtor's account solely by reviewing the summary judgment motion). We are troubled by the fact that CitiMortgage opted not to respond, either in the court below or on appeal, to the Elias' argument that Menne's affiliation with the bank is questionable. Specifically, the Elias correctly observed that, on February 2, 2009, Menne signed an assignment of the mortgage at issue as a vice president of MERS and, on March 3, 2009, he signed the affidavit in question as a vice president of CitiMortgage. Without any additional evidence in the record before us that actually contradicts Menne's assertion that he was a vice president of CitiMortgage at the time he signed an affidavit on its behalf, however, we cannot reject his averment on the basis of the Elias' unsupported observation. The Elias' argument that Menne's affidavit is deficient because it is not based on personal knowledge lacks merit.

**Notice of Acceleration**

{¶13} The Elias also argue that CitiMortgage was not entitled to summary judgment because it failed to show that it complied with paragraph 22 of their mortgage. Paragraph 22 of the mortgage requires that the Elias be given a notice of default "prior to acceleration," a period of at least thirty days within which to cure the default, and a warning that a failure to do so may result in an acceleration. Paragraph 15 of the mortgage provides that all notices given under the mortgage must be written and "[a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." This Court has recognized that "[w]here prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent[.]" *LaSalle Bank, N.A. v. Kelly*, 9th Dist. No. 09CA0067-M, 2010-Ohio-2668, at ¶13, quoting *First Financial Bank v. Doellman*, 12th Dist. No. CA2006-02-029, 2007-Ohio-222, ¶20.

{¶14} The Elias rely upon *LaSalle Bank, N.A. v. Kelly* in support of their argument that CitiMortgage was not entitled to summary judgment. In *Kelly*, this Court held that the bank at issue "made no attempt to establish that it complied with paragraph 22 [of the debtors' mortgage,]" which required prior notice of default and acceleration. *Kelly* at ¶14. There, the bank's affidavit did not indicate that the debtor was sent written notice prior to acceleration, and the bank did not respond with any additional evidence when the debtors challenged the notice deficiency in their memorandum in opposition. Id. at ¶10-14. We agree with the Elias that *Kelly* is applicable here.

{¶15} The only statement in Menne's affidavit that even hints at CitiMortgage having complied with the notice provisions of their mortgage is Menne's statement that CitiMortgage

"has elected to call the entire balance of said account due and payable, in accordance with the terms of the note and mortgage." CitiMortgage did not present any evidence of written notice actually having been sent to the Elias. Compare *GMAC Mtge., L.L.C. v. Jacobs*, 9th Dist. No. 24984, 2011-Ohio-1780, at ¶16-18 (upholding summary judgment award to bank where bank's affidavit provided that "written notice of default was given in accordance with the terms of the note and mortgage"). Moreover, CitiMortage did not file any response or reply, much less any additional evidence, when the Elias directly challenged the notice deficiency in their own affidavits in support of their memorandum in opposition/cross-motion for summary judgment. Compare *Ly* at ¶22 (concluding that bank rebutted debtor's assertion that bank failed to send notice of default/acceleration where bank filed supplemental affidavit, incorporating letters of notice sent to the debtor). On appeal, CitiMortgage's response to the Elias' notice challenge is that it would be "a waste of [] judicial resources" for this Court to remand this matter because the Elias clearly know they defaulted and CitiMortgage would simply re-file its motion, adding language that notice was provided. Had CitiMortgage filed proper materials in the first instance, however, far more judicial resources might have been saved. The plain language of the mortgage clearly requires that the Elias be given notice "prior to acceleration." It was CitiMortgage's burden to prove that the notice was given. Under these circumstances, we cannot conclude that CitiMortgage met its initial *Dresher* burden and showed that it complied with paragraph 22 of the mortgage note. Accord *Kelly* at ¶14.

{¶16} Because genuine issues of material fact remain, the trial court erred by granting summary judgment in CitiMortgage's favor. While we do not agree with the Elias' assertion that CitiMortgage's affiant lacked personal knowledge, we do agree that CitiMortgage failed to

prove, through its affidavit or otherwise, that it complied with the notice provisions of the mortgage. As such, the Elias' assignments of error are sustained on that basis.

III

{¶17} The Elias' assignments of error are sustained for the reasons set forth above. The judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

MOORE, J.
BELFANCE, P. J.
CONCUR

APPEARANCES:

MARGARET A. MCDEVITT, and JULIUS P. AMOURGIS, Attorneys at Law, for Appellants.

GREGORY D. BRUNTON, Attorney at Law, for Appellee.

ERIN M. LAURITO, Attorney at Law, for Appellee.