[Cite as *Cent. Mtge. Co. v. Elia*, 2011-Ohio-3188.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CENTRAL MORTGAGE COMPANY

    Appellee

    v.

ZIAD F. ELIA, et al.

    Appellants

C.A. No.      25505

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.      CV 2009-03-1901

DECISION AND JOURNAL ENTRY

Dated: June 29, 2011

Per Curiam.

{¶1} Ziad F. Elia and Holley E. Elia have appealed from a judgment of the Summit County Court of Common Pleas in favor of Central Mortgage Company in a foreclosure action. This Court affirms in part and reverses in part.

I

{¶2} The Elias executed a mortgage and note in the amount of $61,600 in favor of LoanCity.com for real property located on Sherman Street in Akron, Ohio. Subsequently, Mortgage Electronic Registration Systems Inc., as a nominee for LoanCity.com, assigned the Elias' mortgage to Central Mortgage. The Elias ultimately defaulted, and Central Mortgage filed a complaint for foreclosure.

{¶3} The Elias moved to dismiss the complaint against them, arguing that Central Mortgage lacked standing, but the trial court denied their motion. Both Central Mortgage and the Elias then moved for summary judgment. The trial court denied the Elias' motion and

granted Central Mortgage's motion. The court concluded that, as a result of the Elias' default, Central Mortgage was entitled to judgment in the amount of $46,036.55, plus interest at a rate of 8.625% per annum from September 1, 2008, along with applicable late charges. The Elias have raised three assignments of error, which we have consolidated for ease of analysis.

## II

### Assignment of Error Number One

"THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO CENTRAL MORTGAGE COMPANY AS THERE WAS A GENUINE ISSUE OF MATERIAL FACT WHETHER CENTRAL MORTGAGE COMPLIED WITH A CONDITION PRECEDENT TO FORECLOSURE, DELIVERY OF THE NOTICE OF DEFAULT PRIOR TO ACCELERATION AS REQUIRED BY PARAGRAPH 22 OF THE MORTGAGE."

### Assignment of Error Number Two

"THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO CENTRAL MORTGAGE COMPANY AS THERE WAS A GENUINE ISSUE OF MATERIAL FACT WHETHER CENTRAL MORTGAGE HAD STANDING TO SUE."

### Assignment of Error Number Three

"THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO CENTRAL MORTGAGE COMPANY AS THERE WERE GENUINE ISSUES OF MATERIAL FACT AND CENTRAL MORTGAGE COMPANY WAS NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW."

{¶4}     By all three of their assignments of error, the Elias have argued that the trial court incorrectly granted Central Mortgage's motion for summary judgment. Specifically, they have argued that: (1) the affidavit upon which Central Mortgage relied in support of its motion is deficient because it is conclusory and not based on personal knowledge; (2) Central Mortgage lacks standing to pursue a foreclosure action against them because it is not the current holder and

owner of their note and mortgage; and (3) Central Mortgage failed to comply with the notice provision set forth in paragraph 22 of their mortgage note before seeking foreclosure.

{¶5} In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same test a trial court is required to apply in the first instance: whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-93. If the moving party satisfies its initial burden, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735.

{¶6} In support of its motion for summary judgment, Central Mortgage relied upon an affidavit from its vice president, a copy of the Elias' promissory note and mortgage, and a copy of an assignment of mortgage from Mortgage Electronic Registration Systems to Central Mortgage. Because the affidavit upon which Central Mortgage relied incorporated by reference the other items attached to its motion, we first consider the propriety of the affidavit.

{¶7} Under Rule 56(E) of the Ohio Rules of Civil Procedure, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). "[The] mere assertion of personal knowledge

satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Bank One, N.A. v. Lytle*, 9th Dist. No. 04CA008463, 2004-Ohio-6547, at ¶13. "Verification of documents attached to an affidavit ***, as required by Civ.R. 56(E), is satisfied by an appropriate averment in the affidavit itself. An affidavit stating [a] loan is in default, is sufficient for purposes of Civ.R. 56, in the absence of evidence controverting those averments." (Internal citation omitted.) *Bank One, N.A. v. Swartz*, 9th Dist. No. 03CA008308, 2004-Ohio-1986, at ¶14.

{¶8} The Elias have challenged Central Mortgage's affidavit on the basis that its affiant, lacking any personal knowledge, was not competent to attest to the facts set forth therein. Because the alleged assignment to Central Mortgage took place after their default, the Elias have argued, the affiant could not have had personal knowledge of any events that occurred prior to the alleged assignment.

{¶9} In her affidavit in support of Central Mortgage's motion for summary judgment, Lou Ann Howard asserted that she was the vice president of Central Mortgage and the custodian of the business records described in the affidavit, that she had personal knowledge of the contents of those business records, that Central Mortgage had physical possession of the Elias' promissory note, and that she had reviewed the Elias' loan history and loan file, including their note, mortgage, and payment history. Her assertion of personal knowledge after a review of the loan documents, coupled with her position at Central Mortgage and role as records custodian, satisfies Rule 56(E). See *Lytle* at ¶14 (concluding affidavit comported with Rule 56(E) when affiants were employees of bank, had custody or control of debtor's note, and indicated that they had personal knowledge of debtor's loan account); *Swartz* at ¶16 (concluding affidavit

comported with Rule 56(E) when affiant was employed as a foreclosure specialist for the bank, indicated that the debtor's loan file was under her immediate control and supervision, and referred to the specific loan documents in the affidavit). Compare *Target Natl. Bank v. Enos*, 9th Dist. No. 25268, 2010-Ohio-6307, at ¶11 (rejecting affidavit when affiant failed to identify his position with the bank, failed to state that he had personal knowledge of the matters contained in the affidavit, and did not identify any specific documents attached to the affidavit). Moreover, the Elias' assertion that no one at Central Mortgage could have personal knowledge of their default because Central Mortgage did not acquire any alleged assignment until after their default occurred is inapposite. The authority that the Elias have cited in support of that argument provides that "[a] witness providing the foundation [for a recorded business activity] need not have firsthand knowledge of the transaction." *Moore v. Vandemark Co., Inc.*, 12th Dist. No. CA2003-07-063, 2004-Ohio-4313, at ¶18. The Elias' challenge to the affidavit upon which Central Mortgage relied lacks merit.

{¶10} We next consider the Elias' argument that Central Mortgage lacks standing to bring suit because a genuine issue of material fact remains regarding whether it is the current owner and holder of the Elias' note and mortgage. "This Court has held *** that a bank need not possess a valid assignment at the time of filing suit so long as the bank procures the assignment in sufficient time to apprise the litigants and the court that the bank is the real party in interest." *Deutsche Bank Natl. Trust Co. v. Traxler*, 9th Dist. No. 09CA009739, 2010-Ohio-3940, at ¶11, citing *Bank of New York v. Stuart*, 9th Dist. No. 06CA008953, 2007-Ohio-1483, at ¶12. "When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." R.C. 1303.25(B). Further, even if an actual assignment of a person's mortgage does not occur, this Court has recognized

that the physical transfer of a promissory note, which the mortgage secures, amounts to the equitable assignment of the mortgage. *Traxler* at ¶19-20.

{¶11} Central Mortgage provided the trial court copies of the Elias' promissory note, mortgage note, and an assignment of their mortgage from Mortgage Electronic Registration Systems, as a nominee for LoanCity.com. All of those documents were incorporated by reference in Howard's affidavit, in which she asserted that: (1) Central Mortgage was in possession of the Elias' promissory note, which was indorsed in blank; (2) the Elias defaulted on their loan; and (3) Central Mortgage opted to accelerate and call due the entire balance due and owing on the loan. The assignment indicates that Mortgage Electronic Registration Systems assigned the Elias' mortgage to Central Mortgage on February 10, 2009, one month before Central Mortgage filed suit. Copies of the Elias' promissory note, mortgage, and the assignment of their mortgage to Central Mortgage were also attached to Central Mortgage's complaint. And, consistent with Howard's affidavit, the copy of the promissory note in the record is indorsed in blank. Consequently, we conclude that Central Mortgage showed it had standing to bring suit against the Elias. See R.C. 1303.25(B) (outlining the effect of a blank indorsement); *Traxler* at ¶19-20 (recognizing bank as holder and owner of note and mortgage via assignment by Mortgage Electronic Registration Systems).

{¶12} In opposition to Central Mortgage's motion for summary judgment, the Elias each filed an affidavit in which they stated that: (1) they did not recall receiving any notice that their note or mortgage had been sold or transferred to Central Mortgage; and (2) a search that they performed on Fannie Mae's website, a copy of which was incorporated by reference, indicated that Fannie Mae still owned their mortgage. The website printout from Fannie Mae does not create a genuine issue of material fact with regard to Central Mortgage's standing. The printout

specifies that "Fannie Mae makes no representation, warranty, or guarantee regarding the accuracy or completeness of the results. *** You should contact your mortgage lender to verify these results." Neither of the Elias indicated that they contacted their lender to verify the search they performed on Fannie Mae's website. Moreover, the Elias' blanket assertion that they do not recall receiving notice of the transfer of their note is not enough to create a genuine issue for trial. At the very latest, the Elias received notice of the transfer when Central Mortgage filed its complaint. This Court has recognized that a "bank need not possess a valid assignment at the time of filing suit so long as the bank procures the assignment in sufficient time to apprise the litigants and the court that the bank is the real party in interest." *Traxler* at ¶11. Here, Central Mortgage provided evidence that a valid assignment occurred before it even filed suit, and it included that assignment in its complaint. The Elias did not argue, either in their brief in opposition to Central Mortgage's motion for summary judgment or their brief on appeal, that they were not apprised in sufficient time of Central Mortgage's status as the real party in interest. The evidence in the record supports the trial court's conclusion that the Elias did not satisfy their *Dresher* burden on the issue of standing. The Elias' argument that Central Mortgage lacks standing is meritless.

{¶13} Finally, the Elias have argued that Central Mortgage was not entitled to summary judgment because it failed to demonstrate that it satisfied paragraph 22 of their mortgage. Paragraph 22 of the mortgage requires that the Elias be given a notice of default, a period of at least thirty days within which to cure the default, and warning that a failure to do so may result in an acceleration. Specifically, paragraph 22 provides that the "Lender shall give notice to Borrower prior to acceleration[.]" Paragraph 15 of the mortgage provides that all notices given under the mortgage must be written and "[a]ny notice to Borrower in connection with this

Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." This Court has recognized that if "prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent[.]" *LaSalle Bank, N.A. v. Kelly*, 9th Dist. No. 09CA0067-M, 2010-Ohio-2668, at ¶13, quoting *First Financial Bank v. Doellman*, 12th Dist. No. CA2006-02-029, 2007-Ohio-222, at ¶20.

{¶14} The Elias rely upon *Kelly* in support of their argument that Central Mortgage was not entitled to summary judgment. In *Kelly*, this Court held that LaSalle Bank N.A. "made no attempt to establish that it complied with paragraph 22 [of the debtors' mortgage,]" which required prior notice of default and acceleration. *Kelly* at ¶14. There, the bank's affidavit did not indicate that the debtor was sent written notice prior to acceleration. The affiant merely averred that the bank "ha[d] exercised the option contained in said mortgage note and ha[d] accelerated and called due the entire principal balance due thereon." Id. at ¶8. Because LaSalle Bank's affiant failed to specify that the bank sent notice of default/acceleration to the Kellys prior to filing suit, we concluded that the bank did not meet its initial *Dresher* burden and reversed the bank's summary judgment award. Id. at ¶14. We agree with the Elias that *Kelly* is applicable here.

{¶15} The only reference to acceleration contained in Central Mortgage's motion for summary judgment is a conclusory statement in Howard's affidavit that "all of the prerequisites required under the note and mortgage necessary to accelerate the balance due on the note have been performed[.]" Rule 56 of the Ohio Rules of Civil Procedure requires that affidavits in support of a motion for summary judgment "shall set forth such facts as would be admissible in evidence[.]" Civ.R. 56(E). Howard's assertion does not set forth any facts; it is a legal

conclusion. See *Grendell v. Ohio Environmental Protection Agency* (2001), 146 Ohio App.3d 1, fn.3 ("A proper affidavit must set forth facts and not legal conclusions."). See, also, *MacKeigan v. Salvation Army*, 9th Dist. No. 10CA009766, 2011-Ohio-515, at ¶11 ("Bare, unsubstantiated allegations of what the evidence is are insufficient to support an order awarding summary judgment."). Central Mortgage did not present any evidence of written notice actually having been sent to the Elias, despite the Elias having raised the issue in their answer. Accord *Kelly* at ¶8-14. Compare *GMAC Mtge., L.L.C. v. Jacobs*, 9th Dist. No. 24984, 2011-Ohio-1780, at ¶16-18 (upholding summary judgment award to bank when bank's affidavit provided that "written notice of default was given in accordance with the terms of the note and mortgage"). The plain language of the Elias' mortgage requires that the Elias be given notice "prior to acceleration," and it was Central Mortgage's burden to prove that the notice was given. Viewing the evidence in a light most favorable to the Elias, we cannot conclude that Central Mortgage met its initial *Dresher* burden and showed that it complied with paragraph 22 of the mortgage note. Accord *Kelly* at ¶14. Therefore, the trial court erred by awarding Central Mortgage summary judgment.

{¶16} The Elias' second and third assignments of error are overruled, as Central Mortgage showed, through a properly-framed affidavit, that it has standing to pursue this action. The Elias' first assignment of error, however, is sustained because a genuine issue of material fact remains regarding whether Central Mortgage complied with paragraph 22 of their mortgage.

III

{¶17} The Elias' first assignment of error is sustained. Their remaining assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed in

part, reversed in part, and remanded for further proceedings consistent with this opinion.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to all parties equally.

_____
CARLA MOORE
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR

WHITMORE, P. J.
CONCURS IN JUDGMENT ONLY, SAYING:

{¶18} I concur in judgment only. While I agree that Central Mortgage is not entitled to judgment because a genuine issue of material fact exists, I would not reach this result on the basis that Central Mortgage failed to satisfy its initial *Dresher* burden.

{¶19} In determining whether a mortgagee has shown that it gave a debtor prior notice of default/acceleration, this Court has closely examined the specific language used by the mortgagee's affiant in support of its summary judgment motion. Two cases have emerged as points of reference. In *Kelly*, this Court held that LaSalle Bank, N.A., failed to satisfy its initial *Dresher* burden on the issue of notice where its affiant attested solely that the bank "ha[d] exercised the option contained in said mortgage note and ha[d] accelerated and called due the entire principal balance due thereon." *LaSalle Bank, N.A. v. Kelly*, 9th Dist. No. 09CA0067-M, 2010-Ohio-2668, at ¶8. We concluded that the foregoing language was insufficient to satisfy the bank's initial *Dresher* burden because it "d[id] not mention whether the bank sent notice to the Kellys prior to filing suit." Id. at ¶14. Conversely, in *Jacobs*, this Court concluded that GMAC Mortgage, L.L.C. ("GMAC"), satisfied its initial *Dresher* burden on the notice issue where its affiant stated that "written notice of default was given in accordance with the terms of the note and mortgage." *GMAC Mtge., L.L.C. v. Jacobs*, 9th Dist. No. 24984, 2011-Ohio-1780, at ¶16. We held that GMAC was entitled to judgment because the debtor never responded to the bank's evidence that "proper notice of default was sent[.]" Id. at ¶18. The question in this case is whether the language in Central Mortgage's affidavit fits more closely within the parameters of *Kelly* or *Jacobs*.

{¶20} Howard's affidavit provides that "all of the prerequisites required under the note and mortgage necessary to accelerate the balance due on the note have been performed[.]" I view the foregoing language as more akin to the language in *Jacobs* than the language in *Kelly*. Howard's affidavit does not claim merely that Central Mortgage exercised an option and accelerated the balance, compare *Kelly* at ¶8, it states that Central Mortgage actually performed all the required prerequisites for acceleration. Read in conjunction with the mortgage itself,

which requires notice of default as a prerequisite to acceleration, Howard's averment suffices as proof of notice under *Jacobs*. While the better approach would have been for Howard's affidavit to detail each acceleration prerequisite that Central Mortgage actually performed (i.e. that it sent written notice on a specific date), I would not hold that, by referring to the prerequisites as a whole, Howard made an unsupported legal conclusion. Compare *CitiMortgage, Inc. v. Elia, et al.*, 9th Dist. No. 25482, 2011-Ohio-2499, at ¶15 (concluding that bank failed to meet its initial *Dresher* burden where its affiant merely averred that the bank "elected to call the entire balance of said account due and payable, in accordance with the terms of the note and mortgage"). Because I believe Howard's affidavit is distinguishable from the affidavit in *Kelly* as well as *CitiMortgage*, I do not agree with the majority's position that Central Mortgage failed to meet its initial *Dresher* burden.

**{¶21}** Nevertheless, I agree with the remainder of the majority's opinion as well as its ultimate conclusion that Central Mortgage was not entitled to summary judgment. In response to Central Mortgage's motion, the Elias filed affidavits in which they both averred that they never received prior notice of default/acceleration. Central Mortgage did not respond to the Elias' affidavits with any additional evidence. I would conclude that the Elias' affidavits demonstrated the existence of a factual dispute with regard to the notice issue. See *Jacobs* at ¶18 (noting that debtor could have created a factual dispute "by providing evidence that he did not receive the purported notice"). Because a genuine issue of material fact exists with regard to whether Central Mortgage sent the Elias prior notice of default/acceleration, I agree that the trial court erred by granting Central Mortgage's motion for summary judgment. As such, I concur in judgment only.

APPEARANCES:

MARGARET A. MCDEVITT, and JULIUS P. AMOURGIS, Attorneys at Law, for Appellants.

C. SCOTT CASTERLINE, Attorney at Law, for Appellee.