[Cite as *Parsons v. Thacker*, 2013-Ohio-4770.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
VINTON COUNTY

NOLA M. PARSONS,

    Plaintiff-Appellee,

vs.

GEORGE A THACKER, EXECUTOR OF
THE ESTATE OF JUANITA M. BISE,

DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.

:

:

:

:

:

:

Case No. 13CA692

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Lorene G. Johnston, 203 Broadway Street,
Jackson, Ohio 45640

COUNSEL FOR APPELLEE:     William C. Martin, P.O. Box 926, Jackson, Ohio 45640

_____
CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 10-15-13
ABELE, J.

{¶ 1} This is an appeal from a Vinton County Common Pleas Court summary judgment

in favor of Nola M. Parsons, plaintiff below and appellee herein, on her claim against George A.

Thacker, as the Executor of the Estate of Juanita M. Bise, defendant below and appellant herein.

Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED, AS A MATTER OF LAW,
WHEN IT FOUND ALL THREE (3) COUNTERCLAIMS
PRESENTED BY DEFENDANT-APPELLANT WERE BARRED
BY SAME [sic] UNSTATED 'APPLICABLE' STATUTE OF

LIMITATIONS."

SECOND ASSIGNMENT OF ERROR:

"THERE BEING GENUINE ISSUES OF MATERIAL FACTS, THE TRIAL COURT COMMITED [sic] REVERSABLE [sic] ERROR IN GRANTING THE PLAINTIFF-APPELLEES' MOTION FOR SUMMARY JUDGMENT."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FOUND THERE WAS NO EVIDENCE TO SUPPORT AN EQUITABLE LIEN [.]"

**{¶ 2}** In 1997, appellee and her husband (Richard Thacker) acquired real estate in Wilkesville Township. The deed that conveyed that property transferred it to each of them for their joint lives, with the remainder to the survivor of them. Juanita Bise, Thacker's mother and appellee's mother-in-law, paid to install a septic system on the property in 2000, bought a mobile home in 2001, and in 2003 paid for the installation of a concrete driveway.

**{¶ 3}** Richard Thacker died in 2006. Appellee filed an affidavit to have her husband's interest transferred to her pursuant to the survivorship deed. In 2007, Juanita Bise filed an affidavit, pursuant to R.C. 5301.252[1], wherein she attested, inter alia, that her son told her that she is the owner of the real estate and only after his death did she discover that the land is titled in the name of her son and daughter-in-law for their joint lives, with the remainder to the survivor. Bise, therefore, asserted an ownership interest in the land. Bise died on November 17, 2011, however, and another son (appellant) was appointed executor of his mother's estate.

**{¶ 4}** Appellee brought the instant action on May 15, 2012 and alleged that her

---

[1] R.C. 5301.252 states, in pertinent part, that any person may file an affidavit as to events that affect the possession of property or that may create an estate or interest in real property. Id. at (A)&(B)(2)&(3).

mother-in-law's affidavit clouded her interest in the property and asked to have title quieted in her favor. Appellant answered, denied liability, and counterclaimed for an equitable lien in the premises, for an order to convey the property to the estate and in unjust enrichment. Appellee denied liability on the counterclaims.

{¶ 5} Subsequently, appellee requested summary judgment. The trial court's decision in favor of appellee concluded that no written agreement existed between Thacker and Bise, that no evidence established the existence of an equitable lien and that the counterclaims are barred by the "applicable statutes of limitations." This appeal followed.

I

{¶ 6} We first consider, out of order, appellant's second assignment of error that asserts that the trial court erred by granting summary judgment to appellee.

{¶ 7} Generally, appellate courts review summary judgments de novo. See *Sutton Funding, L.L.C. v. Herres*, 188 Ohio App.3d 686, 2010–Ohio–3645, 936 N.E.2d 574, at ¶59; *Broadnax v. Greene Credit Service*, 118 Ohio App.3d 881, 887, 694 N.E.2d 167 (2nd Dist.1997). In short, reviewing courts afford no deference whatsoever to trial court summary judgment decisions. See *Sampson v. Cuyahoga Metro. Hous. Auth.*, 188 Ohio App.3d 250, 935 N.E.2d 98, 2010– Ohio–3415, at ¶19; *Kalan v. Fox*, 187 Ohio App.3d 687, 933 N.E.2d 337, 2010–Ohio–2951, at ¶13. Instead, an appellate court must independently review the case to determine if summary judgment is appropriate. *Woods v. Dutta*, 119 Ohio App.3d 228, 233–234, 695 N.E.2d 18 (4th Dist. 1997); *McGee v. Goodyear Atomic Corp.*, 103 Ohio App.3d 236, 241, 659 N.E.2d 317 (4th Dist.1995).

{¶ 8} Summary judgment under Civ. R. 56(C) is appropriate when a movant shows that

(1) no genuine issues of material fact exist, (2) she is entitled to judgment as a matter of law, and (3) after the evidence is construed most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. *Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250, 2010–Ohio–1027, 927 N.E.2d 1066, at ¶103; *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201 (1998).   The moving party bears the initial burden to show that no genuine issue of material facts exist and that she is entitled to judgment as a matter of law.   *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997); *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). If that burden is satisfied, the onus shifts to the non-moving party to adduce rebuttal evidentiary materials.   See *Trout v. Parker*, 72 Ohio App.3d 720, 723, 595 N.E.2d 1015 (4th Dist.1991); *Campco Distributors, Inc. v. Fries*, 42 Ohio App.3d 200, 201, 537 N.E.2d 661 (2nd Dist. 1987). With these principles in mind, we turn our attention to the case sub judice.

{¶ 9}   In support of her motion for summary judgment, appellee's affidavit, while not contesting the contributions her deceased mother-in-law made to the property, characterized those contribution to her son as "gifts."   Appellee further attested (1) that she is not a party to any contract with Bise, nor was she aware of any contract between her deceased husband and his mother, and (2) no written documents exist to support the claims asserted in Bise's 2007 affidavit.   This is sufficient to meet appellee's initial burden of production.   The onus then shifted to appellant to adduce rebuttal evidentiary materials.   Appellant, however, failed to satisfy that burden.   Appellant's memorandum in opposition did not contain sufficient Civ.R. 56(C) evidentiary materials to refute the attestations in appellee's affidavit.

{¶ 10} Appellant argues that "Defendant-Appellant, in the affidavit recorded and

attached to the pleadings, alleges there was an oral agreement between Juanita Bise and her son, Richard Thacker." (Emphasis added.)   First, we find no affidavit in the original papers of this case.   Second, even if such a "recorded" affidavit did appear in the record, we find no reference to it in the memorandum opposing summary judgment.   The affidavit appellant appears to have referenced in the opposing memorandum is his decedent's "Affidavit Relating to Real Estate" that the Vinton County Recorder recorded in 2007.   This, however, is not an affidavit for Civ.R. 56(C) summary judgment purposes.   Rather, it is an instrument affecting real estate.   We find no authority that treats such an instrument as a Civ.R. 56(C) "affidavit."   If this is indeed the "affidavit" to which appellant refers, it must be treated like any other document and the only method by which appellant could have it considered in a summary judgment proceeding is to incorporate it into a properly framed affidavit pursuant to Civ.R. 56(E). See e.g. *GMAC Mtge., L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 962 N.E.2d 838, 2011-Ohio-1780 at ¶17 (9[th] Dist.); *Waterloo Coal Co., Inc. v. Maynard*, 4[th] Dist. Jackson No. 93CA721, 1994 WL 675682 (Nov. 28, 1994).

{¶ 11}  In *Deblasio v. Sinclair*, 7th Dist. Mahoning No. 08-MA-23, 2012-Ohio-5848, at ¶50, our Seventh District colleagues succinctly stated the rule as follows:

> "The requirement of Civ.R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions." *State ex rel. Corrigan v. Seminatore* (1981), 66 Ohio St.2d 459, 467, 423 N.E.2d 105. The referenced papers may also be "sworn or certified" by a certification contained within the paper itself. *Olverson v. Butler*, 45 Ohio App.2d 9, 12, 340 N.E.2d 436 (10th Dist.1975). Finally, it is well settled that unauthenticated documents which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and may not be considered by the trial court in ruling on a motion for summary judgment. *Citizens Ins. Co. v. Burkes*, 56 Ohio App.2d 88, 95–96, 381 N.E.2d 963 (8th Dist.1978); *Sparks v. Erie Cty. Bd.*

*of Commrs.*, 6th Dist. No. E–97–007, 1998 WL 15929 (Jan. 16, 1998)."

Thus, if appellant intended to include his decedent's affidavit as proper Civ.R. 56(C) evidentiary

material, he could have incorporated it into a properly framed affidavit.   Otherwise, the trial

court could not consider it for purposes of summary judgment.[2]

{¶ 12}  Finally, even if we assume for purposes of argument that appellant refers to the

2007 "Affidavit Relating to Real Estate," and if we further assume that instrument was properly

before the trial court for its consideration, we fail to see how it supports appellant's argument.

Bise did not deny that the donations are gifts to rebut the appellee's attestations in her supporting

affidavit, nor does she allege that an agreement exists for the transfer of her son's interest in the

property.   The pertinent statements from that instrument are as follows:

> "5. With the agreement of her son Richard E. Thacker these improvements were
> placed on [the subject property]
>
> 6. The understanding between Juanita Bise and her son was that she was the
> owner of the real estate . . .
>
>     *      *      *
>
> 8. Richard E. Thacker died on September 17, 2006; and
>
> 9. Upon review of this matter and conversations with Richard E. Thacker's
> surviving spouse, [appellee] it was discovered that the real estate . . . was in the
> name of Richard E. Thacker and Nola M. Thacker, joint and survivorship . . ."

{¶ 13}  We find nothing in this instrument to establish any sort of agreement to transfer an

---

[2]  We recognize that appellee apparently did not object to appellant's failure to comply with Civ.R. 56(E). Occasionally, a failure to object will result in a waiver of the issue on appeal.     However, it is still unclear in the opposing memorandum and brief that appellant is referring to Bise's affidavit.     It appears that appellant opposed the summary judgment motion without submitting any Civ.R. 56(C) evidentiary material.

interest in the property to Bise as a quid pro quo for the improvements.   Bise states paragraph six of the instrument that she paid for improvements because of an understanding with her son that she already "was the owner of the real estate."   This is either a misrepresentation or a mistake of fact by Thacker, not a promise to transfer an interest in the land to his mother.   Thus, the 2007 document does not support the existence of an agreement between the two decedents.

{¶ 14}  For all these reasons, we find that the trial court did not err by granting summary judgment to appellee and we hereby overrule appellant's second assignment of error.

II

{¶ 15}  Appellant's first and third assignments of error challenge other findings included in the trial court's summary judgment decision.   However, having concluded that no evidentiary material established an oral agreement between Bise and Thacker, and because nothing in the record refutes appellee's attestations that the funds provided by her mother-in-law were a gift, we believe that sufficient evidentiary material exists to affirm the summary judgment on these bases alone.   Thus, we need not address the other arguments and disregard the other assignments of error as moot.   See App.R. 12(a)(1)(c).

{¶ 16}  Accordingly, based upon the foregoing reasons, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered the judgment be affirmed and that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.