PINGER, APPELLANT, *v.* BEHAVIORAL
SCIENCE CENTER, INC ET AL.,
APPELLEES; TOLEDO EDISON.

(No. C-870845 — Decided
October 26, 1988.)

*Manley, Burke & Fischer, Andrew
S. Lipton* and *Sally L. Cremeens-
Strong,* for appellant.

*Dinsmore & Shohl* and *Rebecca
Hanner White,* for appellees.

*Per Curiam.* Plaintiff-appellant
Douglas Pinger ("Pinger") appeals
from the judgment of the court of com-
mon pleas granting the motion for
summary judgment and the motion to
dismiss of defendants-appellees
Behavioral Science Center, Inc., and
Joseph F. Wicker ("appellees").[1] For
the reasons that follow, we affirm the
judgment of the court below.

The record reflects that on August
12, 1987, Pinger filed a complaint
against the appellees in which he al-
leged, *inter alia,* that in October 1986,
he was hired by Cygna Energy Ser-
vices as an engineer and assigned pur-
suant to a contract to defendant Tole-
do Edison's nuclear power station in
Toledo, Ohio; that Toledo Edison re-
quired him to undergo psychological
testing; that to accomplish the testing,
Toledo Edison retained the appellees,
who administered the Minnesota
Multiphasic Personality Inventory
("MMPI") on February 20, 1987; that
the MMPI was administered by ap-
pellee Joseph F. Wicker ("Wicker");
that on March 5, 1987, Wicker in-
formed Pinger that the results of the
MMPI test indicated that Pinger pos-
sessed an extreme propensity for
alcoholism; that the appellees commu-
nicated the foregoing information to
Toledo Edison; that the MMPI test
was inaccurate in predicting the possi-
bility of alcoholism; that the informa-
tion communicated by the appellees to
Toledo Edison was false; that the ap-
pellees knew or should have known
that their report to Toledo Edison
would cause Pinger to be terminated
from his position at the nuclear power
station and also result in further injury
to him; that Pinger was not and had
never been an alcoholic or an abuser of
alcohol.

---

[1] Defendant Toledo Edison is not a par-
ty to this appeal, and the trial court's judg-
ment entry in favor of the appellees con-
tains a Civ. R. 54(B) certification. Further,
this court was informed during the oral
argument of this cause that the controversy
between the appellant and Toledo Edison
has been settled.

The complaint, as it applied to the appellees, set forth three causes of action. In the first cause of action, Pinger alleged that the appellees' acts constituted negligence by which he had suffered damages. In the second cause of action, Pinger maintained, *inter alia,* that the appellees' statements were made intentionally, thereby defaming him. Under the third cause of action, Pinger contended that the appellees intentionally interfered with his contract of employment, causing him to lose his position with Toledo Edison as well as his position with Cygna Energy Services. Pinger sought damages, jointly and severally, against all the defendants named in the complaint in the amount of $2,000,000 ($1,000,000 compensatory damages and $1,000,000 punitive damages).

On October 7, 1987, the appellees filed a motion captioned "* * * Motion to dismiss (or in the alternative motion for summary judgment) and alternative motion for definite statement." In addition to the supporting memorandum, the motion was supported by the affidavit of the appellee's office manager, which *authenticated a document* titled "Permission to Release Psychological Information." This release, which was purportedly executed by Pinger, is dated February 20, 1987, and provides:

"I hereby give my permission for the staff of Behaviorial Science Center, Inc. to release psychological information (including test results) pertaining to myself to the Toledo Edison Company and/or the Nuclear Regulatory Agency or their authorized agents and representatives.

"Further, I hereby release [Behavioral Science Center, Inc.] from any liability associated with administering psychological and other tests to me or with evaluating or reporting on the results of such tests.

"I understand that feedback of the results will not be provided to me."

On October 19, 1987, Pinger filed a memorandum in opposition to the appellee's motion.

Following the appellees' reply memorandum, the trial court placed of record its judgment entry in which it ruled, *inter alia:*

"1. [The appellees'] motion for summary judgment is granted as [Pinger] has released all claims against [the appellees]. [Pinger's] Affidavit does not create a genuine issue of material fact on the validity of the release."

The court further ruled:

"2. Alternatively, I find the motion to dismiss well taken for the reasons set forth in the [appellees'] memoranda. Because a non-treating psychologist does not owe a duty of professional care to an individual examined at the request of a third-party, no claim for negligence has been stated. Moreover, the allegations of the complaint do not support a claim for intentional interference with employment. Finally, the allegations of the complaint do not support a claim for defamation, to the extent the allegedly defamatory communications were made to defendant Toledo Edison."

The court then dismissed Pinger's claims against the appellees.

From the judgment of the court below Pinger brings this timely appeal in which he asserts in a solitary assignment of error that the trial court erred in granting the appellees' motion to dismiss and motion for summary judgment. We do not agree.

Addressing first the trial court's granting of summary judgment in favor of the appellees, we observe that Pinger's opposing memorandum, as well as the trial court's journal entry, refers to an affidavit from Pinger. No such affidavit is contained within the

record transmitted to us for our review.[2]

Civ. R. 56(E) provides in pertinent part:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Because there is no response from Pinger to the properly authenticated release, the provisions of which we have set forth above, the record transmitted to us for our consideration does not contain a genuine issue of material fact as to such release and the trial court did not err by granting judgment as a matter of law in favor of the appellees. Pinger's remonstrations against the granting of summary judgment are without merit.

Because of our disposition of Pinger's assignment of error as it pertains to the granting of summary judgment, we conclude that even if it was error for the trial court to grant that part of the appellees' multifaceted motion pertaining to Civ. R. 12(B)(6) dismissal, such error was not prejudicial to Pinger. For this reason, this court specifically does not pass judgment on the propriety of that portion of the trial court's ruling.

Accordingly, we hold that the trial court did not err when it granted summary judgment in favor of the appellees. The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., KLUSMEIER and UTZ, JJ., concur.

---

[2] Upon discovering the absence of any evidentiary material on Pinger's behalf within the instant record, this court caused a search of the common pleas case file to be accomplished. Within the common pleas file were two copies of an affidavit from Pinger. There are no indicia by the common pleas clerk upon either copy of the affidavit that it was filed in the trial court. Further, the trial court's docket that has been transmitted to us does not reflect the filing of any affidavit from Pinger. Consequently, there is no affidavit from Pinger before this court, and the unauthenticated copies from the common pleas court file cannot be considered by us.