[Cite as *CitiMortgage, Inc. v. Stevens*, 2011-Ohio-3944.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CITIMORTGAGE, INC.

    Plaintiff

    v.

MICHELLE R. STEVENS

    Appellant

    and

COUNTRY CLUB TOWNHOUSES
NORTH, UNIT OWNERS'
ASSOCIATION

    Appellee

C.A. No.    25644

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2009-05-3847

DECISION AND JOURNAL ENTRY

Dated: August 10, 2011

---

MOORE, Judge.

{¶1} Appellant, Michele R. Stevens, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On May 15, 2009, CitiMortgage, Inc. filed a complaint to foreclose on a condominium unit owned by Michele R. Stevens. Country Club Townhouses North, Unit Owners' Association, was named a defendant in the complaint in that it may claim an interest in the property. On July 17, 2009, CitiMortgage moved for a default judgment on the complaint. On July 31, 2009, Country Club filed a response in opposition to CitiMortgage's motion for

default judgment, and moved the court for leave to file an answer and counterclaim. The motion was granted on August 10, 2009, and Country Club filed a cross-claim against Stevens for monthly condominium fees, late charges, and interest. On September 9, 2009, Country Club filed a motion for default judgment against Stevens. On October 29, 2009, a decree of foreclosure was issued, and CitiMortgage was granted default judgment. On December 10, 2009, Country Club resubmitted its motion for default judgment against Stevens, and the motion was granted that same day.

{¶3} On March 17, 2010, Stevens filed a motion to vacate Country Club's default judgment alleging that the answer and cross-claim was not served upon her. On April 2, 2010, Country Club filed a response to Stevens' motion to vacate acknowledging that it failed to serve Stevens with the cross-claim. On April 21, 2010, a judgment entry was filed vacating the default judgment in favor of Country Club.

{¶4} On May 18, 2010, Country Club filed instructions to have Stevens served with the original cross-claim. On June 7, 2010, Stevens filed an answer to the cross-claim. On July 20, 2010, Country Club filed a motion for summary judgment, and Stevens responded in opposition on August 18, 2010. The trial court granted the motion for summary judgment on September 20, 2010, in the amount of $5,826.

{¶5} Stevens timely filed a notice of appeal. She raises three assignments of error for our review.

## II.

{¶6} In her assignments of error, Stevens argues that the trial court erred in granting summary judgment because genuine issues of material fact remained as to the obligation owed

by Stevens to Country Club, the amount of damages, and whether Country Club was entitled to assessments due to its own breach. We do not agree.

{¶7} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 12.

{¶8} Pursuant to Civ.R. 56(C), summary judgment is proper if:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

{¶9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735.

{¶10} R.C. 5311.18(A)(1) provides:

"Unless otherwise provided by the declaration or the bylaws, the unit owners association has a lien upon the estate or interest of the owner in any unit and the appurtenant undivided interest in the common elements for the payment of any of

the following expenses that are chargeable against the unit and that remain unpaid for ten days after any portion has become due and payable:

"(a) The portion of the common expenses chargeable against the unit;

"(b) Interest, administrative late fees, enforcement assessments, and collection costs, attorney's fees, and paralegal fees the association incurs if authorized by the declaration, the bylaws, or the rules of the unit owners association and if chargeable against the unit."

{¶11} Therefore, under the condominium statutes of Ohio, an association is permitted to collect for the common expenses, late fees, collection costs, and attorney fees chargeable against the unit.

## ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED IN AWARDING SUMMARY JUDGMENT WHEN A GENUINE ISSUE OF MATERIAL FACT EXISTED AS TO WHAT THE OBLIGATION, IF ANY, WAS OF STEVENS TO COUNTRY CLUB."

{¶12} In her first assignment of error, Stevens contends that the trial court erred in granting summary judgment because a genuine issue of material fact remained as to what obligation, if any, was owed to Country Club by Stevens. We do not agree.

{¶13} In support of its motion for summary judgment, Country Club referenced an affidavit and exhibit attached to the motion for summary judgment. The record indicates that the affidavit was not actually attached to the motion that was filed with the court. However, Stevens' response to the motion for summary judgment acknowledged the affidavit and exhibit, and argued that the exhibit did not comply with Civ.R. 56(E). She made no objection regarding the admissibility of the affidavit. The trial court attached a copy of the affidavit and exhibit to its judgment entry. As such, we will consider the affidavit and exhibit to be a part of the record. See *Adams v. Ward*, 7th Dist. No. 09 MA 25, 2010-Ohio-4851, at ¶10 (considering a motion in opposition to summary judgment as part of the record even though it was not filed in the correct case number. The court did so "primarily because [the parties] admitted to receiving the motion

in opposition and filed a response to it. Furthermore, [the appellate court was] able to obtain the motion in opposition from the [prior case] file of the dismissed case. Consequently, [it would] not ignore the motion solely because it was filed in the wrong case number."). See, also, *Deutsche Bank Natl. Trust Co. v. Pagani*, 5th Dist. No. 09CA000013, 2009-Ohio-5665, at ¶27 (concluding that inadvertently omitted affidavits were not a part of the record because they were not attached to the motion in opposition of summary judgment, the motion for leave to file supplemental materials, or the trial court's judgment entry).

{¶14} The affidavit referenced by the parties, and attached to the trial court's judgment entry, was the affidavit of Jill DeLisa, President of the Board of Trustees of Country Club Townhouses – North, Unit Owners Association. In it, DeLisa averred that she was President of the Board of Trustees of the association, that she reviewed the business records of the association, that Stevens presently owed the association $5,826.50, and that Stevens had failed to pay all assessments since March 1, 2009. Stevens contends that Country Club failed to establish her liability for the assessments through proper evidence under Civ.R. 56.

{¶15} Affidavits submitted under Civ.R. 56 "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." Civ.R. 56(E). "[W]here the nature of the facts contained in the affidavit, together with the identity of the affiant, creates a reasonable inference that the affiant has knowledge of the facts therein," an affiant need only state that he has personal knowledge of the matter to satisfy Civ.R. 56(E). *Bank One, N.A. v. Swartz*, 9th Dist. No. 03CA008308, 2004-Ohio-1986, at ¶14, quoting *Merchants Natl. Bank v. Leslie* (Jan. 21, 1994), 2d Dist. No. 3072.

{¶16} Because DeLisa averred that her title was President of the Board of Trustees for the association, that she reviewed the requisite business records, and that she had personal knowledge of the facts contained in her affidavit, the affidavit was properly submitted under Civ.R. 56 and could be considered for purposes of summary judgment. The burden then shifted to Stevens to demonstrate that there were genuine issues of material fact. *Dresher*, 75 Ohio St.3d at 293.

{¶17} In Stevens' response to the motion for summary judgment, she asserted the same contentions she does now in her assignment of error, i.e., that Country Club failed to establish Steven's liability through proper evidence. Specifically, she argued that Country Club should have provided a copy of the Declaration and By-Laws of Country Club Townhouses – North Condominium.

{¶18} Civ.R. 56(C) lists the various evidentiary materials a trial court may consider when reviewing a motion for summary judgment. An affidavit is one of the materials listed under the rule. The Country Club's affidavit averred that Stevens presently owed the association $5,826.50, and that she had failed to pay all assessments since March 1, 2009. Thus, Country Club had met its *Dresher* burden. *Dresher*, 75 Ohio St.3d at 292-293.

{¶19} Stevens, however, failed to satisfy her reciprocal burden by offering specific facts to show a genuine issue for trial. Id. at 293. Instead, she simply argued that Country Club had not established liability. In the affidavit attached to Stevens' response, she averred: (1) she previously owned the condo in question; (2) she was required to pay $200 per month for services at the condo property; (3) a discharge was granted in her bankruptcy proceeding on Feb. 26, 2009; (4) immediately thereafter, defendant suspended her privileges to use the swimming pool and club house, her cable television was disconnected and there was no outside maintenance

provided for her unit; (5) on June 9, 2009, she received a letter containing the complaint; (6) she vacated the condo unit in October 2009; (7) she received a judgment notice in the amount of $5,471.50 on 2/7/10; and (8) she believes she has good and valid defenses to the claims of defendant. The affidavit does not deny that she owes the debt. It states her conclusion that she has a defense to the claims of the defendant, but the actual facts set forth in the affidavit relate to her argument of setoff. R.C. 5311.18(B)(6) precludes claims for setoff being raised in a foreclosure action. It provides: "In any foreclosure action, it is not a defense, set off, counterclaim, or crossclaim that the unit owners association has failed to provide the unit owner with any service, goods, work, or material, or failed in any other duty." Accordingly, any facts raised by Stevens in this affidavit are not material facts, cannot be considered by the court, and do not raise genuine issues that preclude summary judgment. Stevens has failed to point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle*, 75 Ohio App.3d at 735. Accordingly, her first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED IN AWARDING SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO THE AMOUNT OF CLAIMED DAMAGES."

{¶20} In her second assignment of error, Stevens contends that the trial court erred in granting summary judgment because a genuine issue of material fact remained as to the amount of damages. We do not agree.

{¶21} In the affidavit attached to Country Club's motion for summary judgment, DeLisa averred that the amount Stevens owed the association was $5,826.50. Attached to the affidavit was an exhibit demonstrating how the amount was calculated. In Stevens' response to the motion for summary judgment, she objected to the exhibit because she claimed it was not

properly authenticated. See Civ.R. 56(E). This was the sole basis for her objection. Thus, we limit our review to that issue. See *CitiMortgage v. Elia*, 9th Dist. No. 25482, 2011-Ohio-2499, at ¶10. In Country Club's reply, it stated that it was not introducing the exhibit into evidence. Civ.R. 56(E) provides that a sworn or certified copy of the document referred to in the affidavit must be attached to or served with the affidavit. Because the exhibit was not properly authenticated, and Stevens objected to it in the trial court, it cannot be considered as evidence under Civ.R. 56. *U.S. Bank, N.A. v. Richards*, 9th Dist. No. 25052, 2010-Ohio-3981, at ¶17. We may, however, consider the affidavit of DeLisa, because it is proper Civ.R. 56(C) evidence.

{¶22} DeLisa's affidavit averred she was President of the Board of Trustees of the association, that she reviewed the business records of the association, that Stevens presently owed the association $5,826.50, and that Stevens had failed to pay all assessments since March 1, 2009. Stevens argues that a genuine issue of material fact exists as to the amount of damages because the amount claimed by Country Club, the default judgment entry, and the garnishment notice each contain differing, and increasing, amounts. The lien provided to the association under R.C. 5311.18(A)(1) is a continuing lien that increases each month when the monthly assessment is charged against the unit, as well as late fees, interest, and attorneys fees. *In re Barcelli* (Bankr.Ct.S.D.Ohio 2001), 270 B.R. 837. Thus, it is reasonable that the damages amount increased up until the unit was sold at a sheriff sale so that there would be no additional monthly assessments or fees charged to the account.

{¶23} Stevens also contends that there are inconsistencies in the exhibit attached to the affidavit. Because it was not properly authenticated and cannot be considered as evidence under 56(E), these arguments are without merit.

**{¶24}** Finally, Stevens argues that she disputes the charges and only admits that the monthly assessment should have been $200 per month, and that there "is clearly a genuine issue of material fact on the amount claimed by Country Club." In its reply, Country Club directed the court to *Moreland Courts Condominium Assn., Inc. v. Henes*, 8th Dist. No. 89671, 2007-Ohio-6832, which found that because the defendant failed to attach any evidence of payment, or other evidence to contradict the affidavit and statement of account submitted by the association, did not dispute that he was in default on the account, and failed to establish that the property was not subject to foreclosure, summary judgment was properly granted because there was no genuine issue of material fact. Id. at ¶19.

**{¶25}** Here, Stevens neither attached any evidence of payment, nor did she otherwise dispute that she was not in default on the account. While she did attach an affidavit, as we discussed above, the affidavit did not raise material facts that could be considered by the court. As the non-moving party, Stevens was obligated to point to or submit some evidentiary material that demonstrated a genuine dispute over a material fact. *Henkle*, 75 Ohio App.3d at 735. DeLisa's affidavit was properly considered, and because Stevens failed to demonstrate a genuine issue of material fact, the trial court properly granted summary judgment. Accordingly, her second assignment of error is overruled.

<u>**ASSIGNMENT OF ERROR III**</u>

> "THE TRIAL COURT ERRED IN AWARDING SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED ON WHETHER COUNTRY CLUB IS ENTITLED TO ANY ASSESSMENTS DUE TO ITS BREACH AND FAILURE TO PROVIDE THE SERVICES AND PRIVILEGES UNDER THE ASSESSMENTS."

**{¶26}** In her third assignment of error, Stevens contends that a genuine issue of material fact remained as to whether Country Club was entitled to assessments due to its breach and failure to provide services and privileges under the assessments. We do not agree.

**{¶27}** R.C. 5311.18(B)(6) states: "In any foreclosure action, it is not a defense, set off, counterclaim, or cross-claim that the unit owners association has failed to provide the unit owner with any service, goods, work, or material, or failed in any other duty." The language of the statute indicates that it is not a defense against a claim for the payment of assessments that the association has failed to provide services, goods, or other benefits. Thus, Stevens' arguments were barred by statute. Accordingly, her third assignment of error is overruled.

III.

**{¶28}** Stevens' three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

DICKINSON, J.
CONCURS

BELFANCE, P.J.
DISSENTS, SAYING:

{¶29} I respectfully dissent, as the majority relies upon evidence not properly filed in the trial court in order to affirm the trial court's summary judgment award. The affidavit and exhibit referenced in Country Club's motion for summary judgment are not attached to its motion that was filed in the trial court, nor are filed elsewhere in the record. From the record, it appears that Country Club never filed the affidavit and exhibit in the trial court. The only place the affidavit and exhibit appear in the record is attached to the trial court's judgment entry granting summary judgment. It is unclear how the trial court came into possession of the affidavit and exhibit.

{¶30} I cannot conclude that it is appropriate for the trial court to consider evidence not previously filed, and thus not part of the record, in ruling on the motion for summary judgment. Civ.R. 56(C) itself provides that

> "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, *timely filed in the action*, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Emphasis added.) See, also, *Pinger v. Behavioral Science Ctr., Inc.* (1988), 52 Ohio App.3d 17, 18-19.

{¶31} The fact that the parties had copies of the affidavit and exhibit does not negate the fact that the affidavit and exhibit were not filed prior to the trial court granting summary judgment. Thus, the affidavit and exhibit should not have been considered in determining whether summary judgment was appropriate. Further, as Country Club filed no evidence in support of its motion for summary judgment, the trial court erred in granting its motion. See Civ.R. 56(C); *Pinger,* 52 Ohio App.3d at 18-19. Accordingly, I would reverse the decision of the trial court.

APPEARANCES:

WILLIAM M. SREMACK, Attorney at Law, for Appellant.

JASON P. KEE, Attorney at Law, for Appellee.

ANITA MADDIX, Attorney at Law, for Plaintiff.