[Cite as *Navy Fed. Credit Union v. Peterson*, 2016-Ohio-3227.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| NAVY FEDERAL CREDIT UNION | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 14 MA 0172 |
| VS. | ) | |
| | ) | OPINION |
| PHYLLIS A. PETERSON | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 13 CV 3465

JUDGMENT:                                      Affirmed.

APPEARANCES:
For Plaintiff-Appellee

For Defendant-Appellant              Phyllis Peterson, Pro Se
1605 Country Club Avenue
Poland, Ohio 44514

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: May 19, 2016

DeGENARO, J.

{¶1} Defendant-Appellant Phyllis A. Peterson, appeals the judgment of the Mahoning County Court of Common Pleas in favor of Plaintiff-Appellee Navy Federal Credit Union (NFCU). Peterson's arguments are meritless, and the judgment of the trial court is affirmed for the reasoning set forth below.

{¶2} NFCU filed a complaint alleging Peterson defaulted on a promissory note with the total amount owed of $12,617.30, and also that Peterson owed $10,217.59 for unpaid credit card charges. Peterson filed a handwritten statement acknowledging receipt of the complaint. She asserted she enrolled in a payment protection plan, that she was laid off, and that she submitted the required documentation to invoke the plan. In this statement she asserted a counterclaim in the amount of $10,000.

{¶3} In response NFCU filed a motion to dismiss the counterclaim, a motion for default judgment and a motion for judgment on the pleadings. They argued that Peterson failed to attach anything to support her counterclaim, and should the court alternatively wish to treat the motion for default as one for summary judgment, NFCU attached correspondence that Peterson did not send the required documentation under the payment protection plan.  Peterson filed a typed letter to the judge that the court construed as an answer. The magistrate denied these motions.

{¶4} As the matter was set for trial, NFCU requested and received leave of court to file a motion for summary judgment. The clerk served this order on both parties by regular mail. NFCU served a copy of the summary judgment motion to Peterson at her address on Country Club Avenue in Youngstown, Ohio.  In response to the summary judgment motion Peterson filed with the trial court a letter she sent to the attorney for NFCU.  The trial court granted NFCU summary judgment. In a subsequent entry the trial court dismissed Peterson's counterclaim, reasoning: "All counterclaims filed by the Defendant are hereby dismissed by the granting of the Plaintiff's motion."  Peterson appealed both entries separately, and they were consolidated into one appeal by this Court.

{¶5} In her first of two assignments of error, Peterson asserts:

Appellant's judgment rendered for "the sum of $22,834.89 of which $12,617.30 with interest at the rate of 17.24% per annum from September 16, 2013 shall be its First Cause of Action and, of which, $10, 217.59 with interest rate of 16.99 % per annum from October 24, 2013 shall be on its Second Cause of Action, plus costs due to the plaintiff's unopposed Motion for Summary Judgment. Please note that I did not receive a copy of the Plaintiffs Motion for Summary Judgment until April 7, 2015. Therefore, the Mahoning county Court of common Pleas erred.

**{¶6}** An appellate court reviews a trial court's summary judgment entry de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 5. Summary judgment is properly granted if the trial court, reviewing the evidence in a light most favorable to the party against whom the motion is made, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ.R. 56(C); *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292–93, 1996-Ohio-107, 662 N.E.2d 264. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293.

**{¶7}** Peterson argues that she did not receive a copy of the motion for summary judgment. However, three points undercut the veracity of her argument. First, as stated above, the docket demonstrates that the clerk's office mailed the order granting NFCU leave to file a motion for summary judgment to both parties by regular U.S. mail. Secondly, the certificate of service on NFCU's summary judgment motion stated that Peterson was served by regular U.S. mail at the same address

that she has used throughout these proceedings, which was also the same address that Peterson directed this Court to use for all notices related to this appeal.

**{¶8}** Finally, the civil docketing statement Peterson filed with this Court in her first appeal prior to consolidation, stated in the section entitled "Summary of probable issues for review" that she had "filed an opposition to the Motion for Summary Judgment." As Peterson filed an opposition to the motion for summary judgment, this is further evidence that she did receive NFCU's motion.

**{¶9}** As the record demonstrates Peterson did receive the motion for summary judgment, that she did not oppose it at the trial court level with any evidence to raise an issue of material fact, and that she offered no other argument on appeal other than service, Peterson's first assignment of error is meritless.

**{¶10}** In her second of two assignments of error, Peterson asserts:

> Amended Judgment Entry, dated December 1, 2014 stating all counter claims filed by defendant has been dismissed by granting of the plaintiff's motion. My counter claim should be allowed, because I did purchase the unemployment payment protection plan for both the credit card and the home improvement loans. Therefore, the Mahoning County Common Pleas Court erred, and could have made a decision on my counterclaim before November 18, 2014**.**

**{¶11}** The record demonstrates that Peterson failed to attach any documents to either her counterclaim or in any of her filings with the trial court in opposition to NFCU's dispositive motions. Further, in its summary judgment motion NFCU raised the argument that Peterson failed to file any supporting documents with her counterclaim; and therefore, in the absence of any genuine issue of material fact on her counterclaim, NFCU is entitled to summary judgment on its complaint. As Peterson has failed to satisfy her reciprocal burden of submitting any evidentiary material, she has failed to demonstrate a genuine dispute over a material fact. *Citmortgage, Inc. v. Stevens*, 9th Dist. No. 25644, 2011-Ohio-3944, ¶ 19. Consequently, the trial court did not error in granting summary judgment to NFCU,

nor did it err in dismissing Peterson's counterclaim based upon granting summary judgment in favor of NFCU. Thus, Peterson's second assignment of error is meritless.

{¶12} Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.

Donofrio, P. J., concurs.

Robb, J., concurs.