[Cite as *Community Health Partners Physicians, Inc. v. Sharbek*, 2011-Ohio-4033.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

COMMUNITY HEALTH PARTNERS
PHYSICIANS, INC.

    Appellee

    v.

MOHAMMAD F. SHARBEK M.D.

    Appellant

C.A. No.    10CA009874


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    09CV162841

DECISION AND JOURNAL ENTRY

Dated: August 15, 2011

WHITMORE, Judge.

{¶1} Defendant-Appellant, Mohammad Sharbek, M.D., appeals from the judgment of the Lorain County Court of Common Pleas, in favor of Plaintiff-Appellee, Community Health Partners Physicians, Inc., dba Medical Management Solutions ("Community Health"). This Court affirms.

I

{¶2} In August 2006, Sharbek entered into a contract with Community Health whereby Community Health agreed to perform billing services for Sharbek's medical practice. In exchange, Sharbek agreed to pay Community Health a percentage of the money collected each month from his accounts receivable. Community Health performed billing services for Sharbek from August 2006 through November 2007 and issued Sharbek monthly invoices. From March 2007 through November 2007, Sharbek received $240,746.50 from his accounts receivable. Sharbek's patients would pay their billed amounts directly to Sharbek and, in turn, he would

report the payments he received to Community Health. Community Health then would bill Sharbek by applying the contracted percentage rate to the amount he reported having received.

{¶3} Although Sharbek received $240,746.50, he refused to pay Community Health for a number of months because he was dissatisfied with their services. Sharbek made his last payment to Community Health in May 2007. The payment only applied to Community Health's pre-March 2007 billing services. Community Health never received payment for any of the billing services it performed from March 2007 to November 2007. In August 2007, Sharbek notified Community Health that he wished to terminate their agreement. By the terms of the contract, the termination took effect after ninety days.

{¶4} On July 1, 2009, Community Health filed suit against Sharbek for breach of contract, seeking payment for the services it performed between March and November 2007. Sharbek answered the complaint, and Community Health filed a motion for summary judgment. Sharbek responded in opposition, and Community Health filed a reply. On July 14, 2010, the trial court granted summary judgment in Community Health's favor in the amount of $16,906.32, plus interest and costs.

{¶5} Sharbek now appeals from the trial court's judgment and raises one assignment of error for our review.

II

Assignment of Error

"THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS FACTUAL ISSUES PRECLUDED SUMMARY JUDGMENT."

{¶6} In his sole assignment of error, Sharbek argues that the trial court erred by entering summary judgment in favor of Community Health. Specifically, he argues that genuine

issues of material fact remain with regard to whether Community Health met all of its contractual obligations. We disagree.

{¶7} Pursuant to Civ.R. 56(C), summary judgment is proper if:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735.

"To set forth a claim for breach of contract, a complaining party must prove the following elements by a preponderance of the evidence: (1) that a contract existed; (2) that the complaining party fulfilled its contractual obligations; (3) that the opposing party failed to fulfill its obligations; and (4) that the complaining party incurred damages as a result of this failure." *H & F Transp., Inc. v. Satin Ride Equine Transport, Inc.*, 9th Dist. No. 06CA0069-M, 2008-Ohio-1004, at ¶18.

Sharbek argues that Community Health is not entitled to judgment because it failed to prove that it met its legal obligations under the contract.

{¶8} In support of its motion for summary judgment, Community Health primarily relied upon its contract with Sharbek; a copy of the account statements it sent to Sharbek; the

affidavit of its manager, Laurie Turner; and Sharbek's deposition testimony. The contract at issue specifies that Sharbek would pay Community Health seven percent of any money received as a result of Community Health billing Sharbek's patients and twenty-five percent of any gross amounts collected from patient accounts that Community Health forwarded to third-party collection agencies. In her affidavit, Turner averred that Community Health performed all the duties required of it under the contract and issued Sharbek monthly invoices for its billing services. She further averred that Sharbek owed Community Health an outstanding debt of $16,906.32 for the billing services it performed. Turner's affidavit incorporated by reference the copies of the invoices Community Health sent to Sharbek. The invoices confirm that, from March to November 2007, Sharbek received a total of $240,746.50 from his patient accounts. The invoices further reflect that Sharbek paid Community Health for a portion of its services, but failed to satisfy an outstanding balance of $16,906.32.

{¶9} During his deposition, Sharbek conceded that he entered into a billing services contract with Community Health; their contract dictated the percentage amount Community Health would receive for payments his patients submitted; and he paid Community Health for some, but not all, of its services. Sharbek did not dispute that Community Health calculated the amounts due and owing in its invoices based on the payment amounts that Sharbek himself reported having received. He also did not dispute that Community Health collected $240,746.50 on his behalf between March and November 2007; he received and retained that sum; and the invoice calculations resulted in a $16,906.32 deficit, due and owing to Community Health. Based on all the foregoing, we conclude that Community Health satisfied its *Dresher* burden and the burden shifted to Sharbek to prove that Community Health was not entitled to summary judgment on its contract claim. See *Preferred Capital, Inc. v. Sturgil*, 9th Dist. No. 21787, 2004-

Ohio-4453, at ¶14-17 (concluding that financing company met its *Dresher* burden on its breach of contract claim upon evidence of the parties' contract, lessee's acceptance of services, and lessee's failure to tender payment).

{¶10} In opposing Community Health's motion for summary judgment, Sharbek relied upon his own affidavit. Sharbek stated in his affidavit that Community Health failed to perform all of its legal obligations under the contract and did not meet his expectations. Sharbek elaborated in his deposition that he was dissatisfied with Community Health because: he believed its average collection rate for his patients was lower than the industry standard collection rate; he thought Community Health exercised poor judgment in selecting a third-party collection agency because it later went bankrupt; and, on several occasions, he did not receive payment from an insurance company due to either improper coding or the submission of incomplete patient consent forms to the insurance company. Sharbek admitted in his deposition, however, that his collection rates were lower as a general rule because his practice accepted a high volume of Medicaid and self-pay patients. Further, he admitted that his contract contained a hold harmless clause, indemnifying Community Health from any losses he incurred as a result of any third-party collection agency. He also could not identify which contractual term Community Health allegedly violated by not ensuring the proper coding of services or completion of consent forms. Indeed, the language of the contract specifically required Sharbek to obtain and provide proper patient information to Community Health, including coding information and patient consent forms.

{¶11} Sharbek testified in his deposition that he did not believe he owed Community Health any additional money because, had they performed their billing services properly, he would have received approximately $70,000 more than he did from his accounts receivable.

Sharbek could not explain, however, how he arrived at the foregoing amount. That amount also would not explain why Sharbek paid Community Health all but $16,906.32. Sharbek accepted and retained the $240,746.50 that Community Health collected on his behalf between March and November 2007. His unsupported conclusion that Community Health failed to meet its legal obligation under the contract was insufficient to create a genuine issue of material fact for trial. See *Cent. Mtge. Co. v. Elia*, 9th Dist. No. 25505, 2011-Ohio-3188, at ¶15 (holding that legal conclusion in affidavit did not amount to evidence of a genuine issue of material fact). The record supports the conclusion that Sharbek breached his contract with Community Health.

**{¶12}** Because Community Health met its *Dresher* burden on its contract claim and Sharbek failed to meet his reciprocal burden, the trial court did not err by entering judgment on Community Health's behalf. Sharbek's sole assignment of error is overruled.

### III

**{¶13}** Sharbek's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run.  App.R. 22(E).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

DICKINSON, J.
CONCURS

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

JOHN F. BURKE, III, Attorney at Law, for Appellant.

RICHARD D. PANZA, Attorney at Law, for Appellee.